409 P.2d 434

**Esther Eileen DAWSON, Plaintiff-
Appellant,**

**v.**

**Brooks Jerome DAWSON, Defendant-
Respondent.**

**No. 9236.**

Supreme Court of Idaho.

Dec. 29, 1965.

Stephen Bistline, Sandpoint, for appellant.

Darwin D. Cogswell, of Bandelin & Cogswell, Sandpoint, for respondent.

McFADDEN, Justice.

In December, 1960, Esther Eileen Dawson, the appellant herein filed an action for divorce from Brooks Jerome Dawson, the respondent, and for the custody of their two minor children, then two and three years old.

After the complaint was filed, the parties executed a "Memorandum of Separation Agreement," which provided, among other things, that appellant was to have the cus-

tody of the two children, and with the additional provision as follows:

"* * * with reasonable visitation rights in the father, including the right of the father when the children are older, to have them during their summer vacations."

The cause was heard as a default, and by its decree the court granted the divorce, adopted and approved the provisions of the separation agreement, and awarded custody of the children to appellant, "subject to the reasonable visitation rights in the defendant * * *."

In June, 1962, respondent by his affidavit sought, among other things, to have the court modify its decree in regard to when he could exercise his visitation rights. An order to show cause was issued, and in response thereto appellant filed an affidavit denying many of the facts set forth in respondent's affidavit, and alleging other facts concerning the exercise of visitation rights by respondent.

Respondent contends that after appellant had remarried subsequent to the divorce, that appellant's present husband altered and controlled respondent's rights of visitation to his detriment. After the divorce, respondent had moved to California to find employment, and when he returned to Idaho several months later the controversy over visitation of the children arose.

Under date of May 28, 1962, appellant wrote respondent: "you may visit them [the children] every second and fourth Monday of each month between the hours of 11 A.M., and 12 A.M., noon in our home". Dawson testified that such restriction had the effect of keeping him from seeing his children because he could not leave his work in California every other Monday and also because of the hostile attitude disclosed by appellant's present husband.

After hearing the testimony and considering the affidavits, the trial court found that appellant had deprived respondent of reasonable visitation rights with his children; that appellant was not in contempt of court; that respondent works in California and cannot visit his children at will; that in order to give respondent a definite time for exercise of reasonable visitation rights, considering the circumstances of the parties, and to conform to the separation agreement, and to mitigate further litigation, that the decree should be modified. By its order modifying the decree, the trial court established respondent's visitation rights with his children to be from 5:00 p. m., on the first Friday of each month until 5:00 p. m. on the following Sunday; the order further provided that commencing with June, 1963, respondent was entitled, at his own expense, to have the children for the month of June each year to be with him in California, or such other place where the respondent may be living.

Appellant appealed from this order, claiming that the trial court erred in modifying the decree when there was no allegation or proof of change of circumstances; that the court abused its discretion by dividing the custody of the children and in defining visitation rights as it did; also that the court erred in finding appellant had deprived respondent of visitation rights.

The issues presented in the trial court were defined by the "Order to Show Cause," as follows:

"1. Why you [appellant] should not be held in contempt of Court for failure to provide Brooks Jerome Dawson with reasonable visitation rights with his children;

2. Why the decree of divorce entered January 13th, 1961, should not be modified to provide a definite time when Brooks Jerome Dawson may have visitation with his children; and

3. Why the decree should not be modified to specify when and at what age level Brooks Jerome Dawson may take the children during summer vacation."

■ The law in Idaho is well settled that divorce decrees and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final. Jones v. State, 85 Idaho 135, 376 P.2d 361, 3 A.L.R. 2d 1158; Smith v. Smith, 67 Idaho 349, 180 P.2d 853. The awarding of the custody of minor children, and the modification of decrees which award the custody of minor children to one or both of divorced parents, involves the exercise of judicial discretion by the trial court in the first instance, which orders when entered, in the absence of abuse of such discretion will not be disturbed on appeal. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Smith v. Smith, supra. See also: I.C. § 32–705.

■ The law in this state is equally well settled that modifications of a decree of divorce to change the custody of minor children can be made only upon a showing of material, permanent and substantial change in the circumstances of the parties (Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323), subject to the qualification of this rule as discussed in Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617.

■ Appellant contends that there was no evidence before the trial court justifying any consideration by it of the application for modification of the decree. With this contention we do not agree. The trial court found that appellant had deprived the respondent of reasonable visitation rights with his two minor children; that the respondent no longer was living in the State of Idaho. These findings are fully sustained by the evidence. Moreover, appel-

lant's letter sent to respondent, who was living in California, that he could see the children for one hour on two Mondays a month, manifested a change of the previous spirit of cooperation displayed by appellant towards respondent to afford him an opportunity to enjoy visitation rights with his children.

The agreement of the parties executed after appellant instituted her action for divorce was approved by the trial court. At the time of the execution of that agreement the parties were in accord that the father should maintain his association with his children, and further that the parties had considered the situation when the children would become of such age that they would be enjoying summer vacations. At the time of the entry of the order of modification in June, 1962, the children were not of school age, but it is to be noted that the order provided that commencing with the month of June, 1963, the children would be in the respondent's "care, custody and control for the entire month of June, and, in addition, shall be entitled to remove said children from the State of Idaho to the State of California where the defendant is living or to such other place where the defendant may be living."

In this proceeding appellant sought clarification of his rights as to the children under the terms of the decree of divorce. In Kirkwood v. Kirkwood, 83 Idaho 444, 450, 363 P.2d 1016, 1019, 95 A.L.R.2d 112, it is stated:

> "Where the custodial parent refuses to recognize the visitation right of the other, or obstructs the exercise thereof, the court is required to define the right in such detail, and to make and enforce such regulations, as may become necessary to secure its observance."

This court in Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000, authorized removal of a child by one of the custodial parents outside the jurisdiction of this state. Therein it was stated:

> "In other words, the question as to whether a court may permit a child to be taken from this into another state, is, like any other question affecting the welfare and best interests of the child, vested in the sound legal discretion of the court." 62 Idaho at 460, 112 P.2d at 1004.

The evidence sustains the findings of the trial court and discloses no abuse of discretion requiring reversal. The order is affirmed.

Costs to respondent.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.