383 So.2d 655 (1980)
John L. WHEELER, Sr. and Aileen Wheeler, Appellants,
v.
Wanda M. WHEELER and John L. Wheeler, Jr., Appellees.
John L. WHEELER, Jr., Appellant,
v.
Wanda M. WHEELER, John L. Wheeler, Sr., and Aileen Wheeler, Appellees.
Nos. 79-424, 79-554 and 79-438.
District Court of Appeal of Florida, Second District.
April 9, 1980.
Rehearing Denied May 21, 1980.
*656 Lyman T. Fletcher of Fletcher & Fletcher, Jacksonville, for John L. Wheeler, Sr., Aileen Wheeler, and John L. Wheeler, Jr.
Wayne O. Smith of Wallace & Smith, and Leonard Lubin, St. Petersburg, for Wanda M. Wheeler.
BOARDMAN, Judge.
Appellee Wanda M. Wheeler, the mother of the minor child involved here, filed a petition in the Pinellas County circuit court seeking custody of the child. Defendants/appellants John L. Wheeler, Jr., (the child's father), John L. Wheeler, Sr., and Aileen Wheeler (the paternal grandparents) moved to dismiss the complaint for lack of subject matter jurisdiction. We hold that the trial court erred in denying that motion, and we reverse.
The child, Marcus Alexander Wheeler, was born on August 21, 1971, in Tennessee. Wanda M. Wheeler (the mother) and John L. Wheeler, Jr. (the father) were living in Tennessee at the time.
Shortly thereafter, the couple and their baby moved, living in various states over the next three years. In September, 1974, however, the mother moved to Florida by herself, leaving Marcus with his paternal grandparents in Tennessee. She brought Marcus to Florida in February of 1975. She secured the dissolution of the marriage by default and was awarded custody of the child on July 10, 1975.
In an effort to reconcile with the father, the mother moved back to Tennessee with Marcus in July of 1976 and set up a home for the family there. However, on May 31, 1977, she left and returned to Florida, taking Marcus with her. Marcus stayed in Florida with her for three weeks, and she then returned him to Tennessee in June, 1977, for a summer visitation with the father. However, the father refused to return the child and initiated custody proceedings in juvenile court in Tennessee in September, 1977, without notice to the mother, who did not learn of the proceedings until they had concluded. Child custody in those proceedings was awarded to the paternal grandparents.
Upon learning of the proceedings, the mother appealed the juvenile court order and the case was heard in June, 1978, before the circuit court in Hamilton County, Tennessee. The mother was represented by both a Tennessee lawyer and an attorney from Florida. She consented to the jurisdiction of the Tennessee court, and a consent agreement was entered into with the grandparents and the father leaving custody of the child with the grandparents and giving the mother summer visitation rights.
The mother had Marcus to visit with her for the summer of 1978, pursuant to the Tennessee consent judgment. At the conclusion of the visitation period, she refused to return Marcus to the grandparents. Instead she filed a petition for custody on August 28, 1978, after having Marcus with her in Florida for two months.
Sections 61.1308, .1314, .1316, .1318, and .133, Florida Statutes (1977) set forth the circumstances under which the trial court may exercise jurisdiction under the Uniform Child Custody Jurisdiction Act (the Act), Sections 61.1302-61.1348, Florida Statutes (1977).
The trial court had jurisdiction under Section 61.1308(1)(b).[1] However, we do not *657 believe the trial court should have exercised its jurisdiction under the circumstances of this case in view of Section 61.133(1), which provides:
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
Here the Tennessee court had entered a valid custody decree and had jurisdiction to modify it under the jurisdictional prerequisites of the Act,[2] specifically under Section 61.1308(1)(a).[3] Furthermore, there is no indication in the record before us that Tennessee has declined to assume jurisdiction to modify its decree.
Accordingly, the trial court's order denying appellants' motion to dismiss the mother's complaint is REVERSED.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Section 61.1308(1)(b) provides:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
.....
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
[2] While Tennessee had not enacted the Act at the time its decree was entered, it has subsequently done so.
[3] Section 61.1308(1)(a) provides:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceedings, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; ... .