629 P.2d 691

**Shirley E. Cox CHISLETT, Plaintiff-Respondent,**

v.

**Roger D. COX, Defendant-Appellant.**

No. 13580.

Supreme Court of Idaho.

May 8, 1981.

John M. Ohman of Cox & Ohman, Idaho Falls, for defendant-appellant.

Ray W. Rigby of Rigby, Thatcher, Andrus, Barton & Walters, Rexburg, for plaintiff-respondent.

McFADDEN, Justice.

Appellant Roger Cox and respondent Shirley Cox Chislett were divorced February 2, 1976. Custody of their four minor children, one of whom now has reached the age of majority, was awarded to respondent upon stipulation of the parties. This appeal is from a denial of appellant's motion to modify the custody provision of the divorce decree. Appellant is an attorney and is remarried. Respondent, currently unmarried, is a social worker for the Utah Department of Public Health.

Approximately two years after the divorce, respondent remarried. Following this marriage, her new husband and his children moved into respondent's home with her and the Cox children. Later the former wife of respondent's new husband moved in as did the boyfriend of one of respondent's new stepchildren. Conditions became, as the district court found below, "chaotic." Respondent later was divorced in Utah from her second husband, the petition for that action preceding the filing of the in-

stant action for modification of the divorce decree.

Appellant initiated proceedings for modification of the decree in June, 1979, alleging material, substantial and permanent changes in circumstances which required, in the children's best interest, shifting of custody to him. The district court ordered the Department of Health and Welfare to conduct a comprehensive social study and to report to the court. Psychological workups were also done. Copies of these documents supplement the record on appeal as exhibits although not introduced into evidence below.

Following a two day hearing, the district court entered its findings of fact and conclusions of law and judgment denying appellant's motion to modify the custody provisions of the divorce decree. Appellant moved for reconsideration, apparently in an effort to obtain court approval of additional findings of fact which were arguably in appellant's favor. While the court agreed to the additional findings, it refused to alter the conclusions of law or the order entered denying appellant's motion.

The facts found by the district court indicate that during the period when respondent's new husband and children (and others) lived in her home, conditions were disordered and chaotic. Apparently respondent worked full time, and housekeeping duties were assigned to one of the stepchildren and her boyfriend who were paid to do the laundry and cleaning though they apparently did little to earn the wage. A number of witnesses called by appellant testified to dirty and unhealthful conditions present in the house at this time. The minor children of appellant and respondent were frequently left on their own to prepare and eat meals, clean and dress them-

selves, and were expected to help in keeping their rooms and the house clean. There also was some testimony presented to the effect that the children were unkempt at school, and that their schoolwork was suffering in general.

The court also found that respondent, though contesting appellant's characterization of the conditions in her home, realized a problem existed and soon petitioned for divorce from her new husband, the divorce being granted prior to the district court's decision below. The court found that conditions thereafter returned to normal, though there still were differences in the amount and nature of freedom, and conversely discipline, the children were given by respondent as compared to that probable were appellant to have custody. The court found both parents loving and capable and that, even though the children would be cleaner and more disciplined if they were with appellant, they would be no healthier or happier.

Under the factual circumstances as found by the district court, it held respondent would retain custody subject to liberal visitation rights in appellant which the court felt could be beneficial to the children. Appellant then brought this appeal.

Appellant contends that the court below abused its discretion in so ruling.[1] In the appellant's view, not only did the evidence support a shift in custody but the district court's findings of fact allegedly are contrary to its own decision.

The law in Idaho is well settled in the area of appellate review of district court decisions involving child custody upon both divorce and later modification proceedings. This entire subject was explored at length in the recent cases of *Poesy v. Bunney*, 98 Idaho 258, 561 P.2d 400 (1977), and *Prescott*

1. Appellant casts the issue on appeal as:
"Whether the best interests of the parties' minor children, following material, permanent and substantial changes of circumstances since entry of the decree of divorce, necessitate a change of custody from respondent to appellant?"
While this is a correct statement of the issue before the district court, the proper issue on

appeal is whether the district court abused its discretion in ruling upon the custody modification question. However, we treat this appeal as raising the proper issue as appellant recognizes in both brief and argument the applicability of the abuse of discretion standard on appeal.

*v. Prescott*, 97 Idaho 257, 542 P.2d 1176 (1975); the review of Idaho precedent and statutory law therein establishes the following.

■ At the outset, such decisions are committed to the sound discretion of the trial court and this court will not substitute its judgment for that of the court below absent clear abuse of that discretion. Such an abuse occurs only where the evidence of record is insufficient to support the trial court's conclusions that the interests and welfare of the children involved are best served by a particular custody award.

■ Once custody has been granted in a divorce action, the district court has continuing jurisdiction to modify that decree, but modification may not be had unless there has been a material, substantial and permanent change in circumstances subsequent to the entry of the original decree which indicates to the trial court's satisfaction that modification would be in the best interests of the child. As previously emphasized by this court, the changed circumstances standard reflects a policy against continuous relitigation and alteration of custody decisions.

■ The movant in custody modification proceedings has the burden not only of showing the change in circumstances has occurred but that, in light thereof, the best interests of the children require the shifting of custody. We have recognized the children's best interests as being the "paramount" and "controlling" concern in any such action. Thus the trial court must not only look to the substantial and permanent nature of any change in conditions proved by the proponent, but also thoroughly explore the ramifications of any such change vis-a-vis the children's welfare. This emphasis is similarly adopted by this court in its review of the lower court's decision for abuse of discretion. *Poesy v. Bunney, supra*; *Prescott v. Prescott, supra*; and cases cited therein.

■ The court below, following a lengthy hearing, essentially ruled that the evidence failed to support appellant's contention that a material, substantial and permanent change in conditions had occurred which would require alteration of custody. Not only was some of the evidence presented on the question conflicting (e. g., in regard to the actual conditions in respondent's home during her second marriage, and concerning the nature of problems, both hygienic and academic, experienced by some of the children), the evidence of record does not lead to a conclusion that a "substantial and permanent" change had occurred. The temporary conditions experienced in respondent's home were, the court determined, the result of her "generous" nature and the short-lived marriage to her second husband, a union dissolved prior to the instant proceeding.[2] More importantly, under the standards previously enunciated, the court determined that the best interests of the children did not mandate a change in custody.[3] While the children could expect a more structured, ordered, and disciplined environment in appellant's custody, the court found that such a change would not make the children any healthier or happier, and that absent a detrimental effect upon the health or well-being of the children due to respondent's custody, such differences would not support a shifting of custody to appellant.

■ The determination of the district court is both reasoned and supported in the record, and does not appear to have been abusive of its discretion. The judgment of the court refusing to modify the decree so as to change custody is therefore affirmed. Costs, but *no attorney fees on appeal*, to respondent.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.

---

2. While it is clear that the court may consider a party's remarriage, it is not a controlling factor. *Prescott v. Prescott, supra*.

3. Though some of the district court's statements speak of the "fitness" of the parties as parents, such comments do not displace the manifest primary concern of the court with the best interests and welfare of the children.

BISTLINE, Justice, specially concurring.

A new rule crystallizes out of this case. I do not say that the rule is right or that it is wrong, but it has evolved, and I write only that we openly face up to that which we are doing, to-wit, adopting the Doctrine of Second Chance. I would hope that that new doctrine is applied with exceeding care, and would not consider concurring here except for placing utmost reliance on the trial judge's evaluation of the respondent's basic character—from which she had departed, but to which she was able to return.

The trial judge did find the change of circumstances which were alleged in appellant's petition. Witness this language of findings 10 and 9:

> "Conditions became so intolerable that had they not changed, this court would have felt impelled to find the best interests of the children demanded a change in custody.
> "Mrs. Chislett let her interest in the welfare of others out-weigh her interest in her own welfare, and placed the welfare of the children in jeopardy."

The change from conditions of jeopardy and from the intolerable occurred, of course, at or near the time appellant was to file his petition asking for custody. I see it of little moment that respondent filed her divorce action shortly before appellant filed this petition to modify. The intolerable conditions did exist, and had existed for a considerable duration of time.

Appellant with good reason relies on *Tomlinson v. Tomlinson*, 93 Idaho 42, 454 P.2d 756 (1969), where the Court said "[t]he custody of children should not be awarded as a reward for reformation or good behavior nor to encourage continued good behavior." *Id.* at 46, 454 P.2d at 760. Here it is clear that respondent's timely reformation was all that kept her from losing custody, and it is readily understandable why appellant pursued his case to this court, only to be met with an opinion which does not distinguish the *Tomlinson* case, and assesses him with costs at the same time.

Although appellant was unsuccessful in his attempt to assume custody of the children, his concern as to the environment and conditions to which they were subjected undoubtedly precipitated the remarkable reformation. Hence I would not penalize him with costs, leaving each party to pay his or her own.