650 P.2d 692

**Homer L. BIGGERS, Plaintiff-Respondent,**

v.

**Mary W. BIGGERS, Defendant-Appellant.**

**No. 13524.**

Supreme Court of Idaho.

Sept. 8, 1982.

demands of lay persons at loose in a foreign environment.

Monte R. Whittier of Whittier & Souza, Pocatello, for defendant-appellant.

Douglas Nelson of Sharp, Anderson & Bush, Idaho Falls, for plaintiff-respondent.

BAKES, Chief Justice.

Homer L. Biggers, plaintiff respondent, and Mary W. Biggers, defendant appellant, having resided in Idaho Falls, Idaho, as husband and wife for approximately eleven years, were divorced in June, 1977. In the stipulation and the decree of divorce entered that day, the custody of the two minor sons, then approximately ages 10 and 11 years, was awarded to Mrs. Biggers. Mr. Biggers was granted "the right to see and visit said children and to have said children with him at all reasonable times and places and for all reasonable periods of time, and further including temporary Summer custody during the children's Summer school vacation for a period not to exceed four weeks . . . ."

The record discloses that Mr. Biggers continued frequent and active contact with the children after the divorce until August, 1978, when Mrs. Biggers moved with the two boys to New Jersey. Thereafter, the parties were unable to agree on a satisfactory period of summer visitation with Mr. Biggers, and on May 2, 1979, he filed a motion to modify the decree of divorce to change custody, or, in the alternative, to extend his summer and vacation visitations.

The trial court denied Mrs. Biggers' motion to dismiss, in which she challenged the jurisdiction of the Idaho court and claimed that Mr. Biggers had failed to allege any substantial and permanent change of circumstances, but granted her two motions for continuances. Upon granting the second continuance, the trial court stated that the hearing logically should be held at the end of the regular summer visitation period, scheduled to end on July 18, 1979,

when Mrs. Biggers would be in Idaho to retrieve the children.

Mr. Biggers then filed a revised motion for modification on June 28, 1979, dropping his request for a change of custody, instead seeking extended summer visitation rights for a period of eleven weeks. The hearing on this motion was set to coincide with the end of his normal summer visitation period.

Shortly before the hearing, Mrs. Biggers moved for her third continuance. Mr. Biggers then filed a motion for extended visitation pending the modification hearing, and Mrs. Biggers filed a motion to compel enforcement of the original divorce decree, seeking return of the children. These matters were heard on July 19 and 20, 1979, whereupon the court granted temporary physical custody to Mrs. Biggers and allowed the children to return to New Jersey with her. The court, however, ordered that the custody of the minor children be placed with the clerk of the district court and required that Mrs. Biggers post a bond to ensure her return to Idaho Falls with the children at the time of the hearing, then scheduled for August 30, 1979.

On August 30, 1979, the parties appeared on Mr. Biggers' revised motion for modification, in which he sought extended visitation during the summer and during a portion of the Christmas holiday. Mr. Biggers also requested that each party pay one-half of the cost of transporting the children from New Jersey for each visitation period. The parties were unable to reach a compromise on the issue of extended visitation, and the trial court entered an order modifying the child custody provisions of the decree of divorce. As amended, the decree essentially awards Mrs. Biggers custody of the children during minority and provides:

"[T]he plaintiff shall have the right to see and visit said children and to have said children visit with him at all reasonable times and places and for all reasonable periods of time, and further including temporary summer custody during the children's summer school vacation for a period not to exceed eight weeks. That said eight week visitation shall commence on the Monday following the 4th of July and shall continue until August 31."

The amended decree also provides that the children shall visit Mr. Biggers during Christmas vacation, including Christmas Day on alternate years, and that Mrs. Biggers shall pay the transportation costs of each child for each visitation period from New Jersey to Denver, where Mr. Biggers offered to meet the children. Mrs. Biggers appeals from that order. We affirm.

The first issue raised on appeal is whether the district court had jurisdiction to hear Mr. Biggers' motion to modify the decree of divorce as it relates to child custody. Mrs. Biggers claims that under the Uniform Child Custody Jurisdiction Act (UCCJA), enacted in Idaho as I.C. §§ 5–1001 et seq., see 1977 Idaho Sess. Laws ch. 214, § 1, the district court was without jurisdiction to hear the motion. We disagree.

This appeal presents this Court with the first opportunity to construe and apply the provisions of the UCCJA as they relate to the jurisdiction of an Idaho court to hear child custody matters. See Baker v. Baker, 100 Idaho 635, 603 P.2d 590 (1979) (UCCJA determined inapplicable); Mitchell v. Pincock, 99 Idaho 56, 577 P.2d 343 (1978) (UCCJA determined inapplicable). The section of the UCCJA that primarily establishes a court's jurisdiction is I.C. § 5–1003. The provisions of I.C. § 5–1003 relevant to the jurisdictional bases at issue in this appeal are as follows:

"5–1003. JURISDICTION.—(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

"(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
. . . ."

A child's "home state", as the term appears in I.C. § 5–1003(a)(1) is defined in I.C. § 5–1002(5) as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six (6) consecutive months . . . ."

Mrs. Biggers argues that since the minor children lived with their mother in New Jersey for more than ten months immediately preceding the instigation of this action, New Jersey was the children's home state under I.C. § 5–1003(a)(1) and the only forum which could properly entertain jurisdiction over the motion to modify the original divorce decree as it related to child custody. The defendant appellant also asserts that all the evidence relating to the present and future care, protection, training and personal relationships is available in New Jersey rather than in Idaho.

We agree with Mrs. Biggers and under the provisions of I.C. § 5–1003(a)(1), New Jersey is the home state of the children, thus establishing a jurisdictional basis in New Jersey. We disagree, however, that the existence of jurisdiction in New Jersey in itself precludes the exercise of jurisdiction by an Idaho court. In arguing that New Jersey is the only state which may assert jurisdiction, the appellant ignores the language of I.C. § 5–1003 wherein the forums capable of asserting jurisdiction are set out in the disjunctive. Thus, the courts of more than one state may have jurisdiction over a given child custody determination. We have just such a situation before us in this appeal.

Under I.C. § 5–1003(a)(2), the Idaho district court could assume jurisdiction if the children and at least one parent had a significant connection with this state, and substantial evidence concerning the children's protection, training, personal relationships and present and future care was available within the state. Prior to the date the petition to modify the decree of divorce was filed, the minor children had lived their entire lives, with the exception of the ten or eleven months immediately preceding the filing of the action, in the State of Idaho. Mr. Biggers continued to reside in Idaho at the time of filing the motion to modify and maintains a residence and business in Idaho. The trial court determined that significant contacts existed between the state and the children and that there was evidence in Idaho concerning the present and future care and protection of the children. There is substantial and competent evidence contained in the record to support the trial court's conclusion, and under the provisions of I.C. § 5–1003(a)(2), the Idaho district court was also entitled to assert jurisdiction over the petition to modify the original decree.

One of the purposes of enacting the UCCJA was to "[a]void jurisdictional competition and conflict with courts of other states in matters of child custody," alleviating the harmful effects on the children involved of being shuffled from state to state like mere pawns on a chessboard. *See* I.C. § 5–1001(a)(1). Where concurrent jurisdiction exists in more than one state in a child custody determination under the UCCJA, the problem is one of determining which state is the most appropriate forum to hear the matter, thus avoiding the jurisdictional conflicts the act was intended to eliminate. *See Palm v. Superior Court,* 158 Cal.Rptr. 786, 97 Cal.App.3d 456 (1979).

I.C. § 5–1014, UCCJA, is determinative of the question before us of whether the district court erred in assuming jurisdiction over Mr. Biggers' motion to modify the custody provisions of the original divorce decree. I.C. § 5–1014(a) provides:

"If a court of another state has made a custody decree, a court of this state shall

not modify that decree unless (1) it appears that the court which rendered the decree does not have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction."

The notes of the Commissioners on Uniform State Laws are instructive in interpreting this section of the UCCJA. The commissioners' notes to section 14 of the Uniform Act, as it was originally proposed, state:

"Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law.... In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy Section 3 [I.C. § 5–1003]. The fact that the court had previously considered the case may be one factor favoring its continued jurisdiction." Unif. Child Custody Juris. Act § 14, 9 U.L.A. 154 (1979 ed.)

Prior to adoption of UCCJA, the district courts in divorce proceedings had continuing jurisdiction over questions involving custody of minor children. I.C. § 32–705;[1] *Chislett v. Cox,* 102 Idaho 295, 629 P.2d 691 (1981); *Compton v. Compton,* 101 Idaho 328, 612 P.2d 1175 (1980); *Prescott v. Prescott,* 97 Idaho 257, 542 P.2d 1176 (1975). In this action, the district court heard the divorce petition in the original action and filed the original divorce decree, which included the stipulation regarding custody and visitation of the children, on June 27, 1977. The court correctly concluded that under I.C. § 32–705 and UCCJA it maintained continuing jurisdiction over its original order and decree. As the court that entered the original order, we hold that the Idaho district court was the most appropriate forum in which to file the motion to modify the custody provisions of the original divorce decree and that the district court did not err in asserting jurisdiction on the basis of the court's continuing jurisdiction under I.C. § 32–705. *See Brown v. District Court,* 192 Colo. 93, 557 P.2d 384 (1976); *Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975); *Wheeler v. Wheeler,* 383 So.2d 655 (Fla.App.1980); *Pierce v. Pierce,* 287 N.W.2d 879 (Iowa 1980); *Larsen v. Larsen,* 5 Kan.App.2d 284, 615 P.2d 806 (1980).

Mrs. Biggers also argues that the district court erred in modifying the child custody provisions of the original divorce decree.[2] Decisions involving child custody in divorce and subsequent modification proceedings are committed to the sound discretion of the trial court. *Chislett v. Cox,* 102 Idaho 295, 629 P.2d 691 (1981); *Compton v. Compton,* 101 Idaho 328, 612 P.2d 1175 (1980); *Poesy v. Bunney,* 98 Idaho 258, 561 P.2d 400 (1977); *Prescott v. Prescott,* 97 Idaho 257, 542 P.2d 1176 (1975). Abuse of the trial court's discretion occurs only when the evidence is insufficient to support the conclusion that the interests and welfare of the minor children would be best served by a particular custody award or modification. *Hawkins v. Hawkins,* 99 Idaho 785, 589 P.2d 532 (1978); *Larkin v. Larkin,* 85 Idaho 610, 382 P.2d 784 (1963). The law is clear that modification of the divorce decree to change custody of minor children can be made only upon a showing of material, permanent and substantial changes in the circumstances of the parties. *Dawson v. Dawson,* 90 Idaho 234, 409 P.2d 434 (1965); *Fish v. Fish,* 67 Idaho 78, 170 P.2d 802 (1946). Finally, the movant in a custody proceeding has the burden to show a change in circumstances. *Chislett v. Cox, supra.*

---

1. I.C. § 32–705 was amended and renumbered as I.C. § 32–717 in 1980. *See* 1980 Idaho Sess. Laws ch. 378, § 3.

2. Mr. Biggers, in his revised motion for modification of the decree of divorce, sought only extended visitation rights. On appeal, neither party raised, and therefore we do not address, the applicability of I.C. § 5–1014A.

556

■ Mrs. Biggers alleges that there was no evidence before the trial court justifying the modification of the divorce decree.[3] A review of the record, however, indicates that there was sufficient evidence before the trial court with which it could make a well reasoned decision. The evidence presented indicated that Mr. Biggers had maintained an active and dedicated relationship with his sons subsequent to the divorce and prior to Mrs. Biggers' move to New Jersey. The record also contains evidence that Mrs. Biggers moved across the country to New Jersey to pursue a job opportunity. Thereafter, regular weekend visitation with the boys became difficult, if not impossible for Mr. Biggers. Unable to reach an agreement with Mrs. Biggers over an extended visitation during the summer months, Mr. Biggers sought modification of the divorce decree. His amended motion to modify deleted any request to change custody and sought only an extended visitation period. The trial court was receptive to and encouraged any effort of the parties to compromise on a period of reasonable visitation, which is evidenced by the following language found in the transcript:

"THE COURT: I have no hesitation of having offers of compromise offered in this type of a case and the other side will have an opportunity to make any offer or representation to the Court. I think this is an ideal situation that can be compromised because there is no evidence before me ... as to the respective unfitness of the parents ...."

Only when the parties remained unable to reach an agreement did the trial court intervene.

■ Jurisdiction of the trial court over child custody and visitation rights should be exercised by the court in such detail and specificity of order as may be necessary to carry out the intent of the court. *Dey v. Cunningham,* 93 Idaho 684, 471 P.2d 71 (1970). A court, by defining details of visitation, is merely supplying for the parties the element of reasonableness intended by the court, and fashioning the visitation remedy which the non-custodial parent should have. *Hawkins v. Hawkins,* 99 Idaho 785, 589 P.2d 532 (1978). "Although responsible parents are in a far better position to do so," *id.* at 787, 589 P.2d at 534, when they cannot agree on the time and places for visitation the trial court is required, on proper application, to define "reasonable visitation" in such detail as may be necessary. *Kirkwood v. Kirkwood,* 83 Idaho 444, 450, 363 P.2d 1016, 1022 (1961); *see Tobler v. Tobler,* 78 Idaho 218, 299 P.2d 490 (1956); *Peterson v. Peterson,* 77 Idaho 89, 288 P.2d 645 (1955).

■ The trial court stated that the distance between Mr. Biggers and his sons caused by the move to New Jersey "effectively destroy[ed] the opportunity for a reasonable relationship." An out of state move by one parent and minor children has previously been recognized by this Court as a material, substantial and permanent change of circumstances which warrants the modification of a custody decree. *See Koester v. Koester,* 99 Idaho 654, 586 P.2d 1370 (1978); *Dawson v. Dawson,* 90 Idaho 234, 409 P.2d 434 (1965). Essentially, by modifying the decree, the district court was merely defining what would constitute reasonable visitation after Mrs. Biggers' cross country move. In light of the parties' inability to agree upon a reasonable visitation period subsequent to the move, we find no abuse of discretion occasioned by the trial court's modification of the original divorce decree to grant Mr. Biggers an extended period of summer visitation and extended visitation during the Christmas holidays which would justify reversal of the trial court's decision.

■ Nor do we find an abuse of discretion in the trial court's interim order placing the custody of the children with the

---

3. Mrs. Biggers also alleges that the court refused to hear any evidence in support of or in opposition to the modification. An examination of the record, however, shows that although neither party testified at the final hearing, their attorneys' were given ample opportunity to represent their respective positions.

clerk of the district court until the final hearing on the merits, held August 30, 1979. The trial court made the order to ensure that Mrs. Biggers, who had already been granted three continuances in this matter, and the children would appear at the final hearing. A trial court has wide discretion in making temporary arrangements for custody, a discretion which was not herein abused. *See Embree v. Embree,* 85 Idaho 443, 380 P.2d 216 (1963). *Hay v. Hay,* 40 Idaho 159, 232 P. 895 (1924).

Both parties seek attorney fees on appeal pursuant to I.A.R. 41. Under the standards set forth for awarding attorney fees in I.C. § 12–121 and *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979), neither party is entitled to an award of attorney fees in this appeal.

Judgment affirmed. Costs to respondent.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.

(McFadden, J., registered his vote prior to his retirement on August 31, 1982.)