818 P.2d 339

**Gordon H. MILLS, Plaintiff-Respondent,**

**v.**

**Pamela D. MILLS, now Pamela D. Ruby, Defendant-Appellant.**

**No. 18216.**

Court of Appeals of Idaho.

Sept. 26, 1991.

Lynn J. Farnworth, Moscow, for defendant-appellant.

Robert M. Nielsen of Ling, Nielsen & Robinson, Rupert, for plaintiff-respondent.

PER CURIAM.

Gordon and Pamela Mills were divorced in Cassia County, Idaho, on July 7, 1977. The decree awarded Pamela custody of the parties' three minor children, and Gordon was awarded reasonable visitation. In the years following the divorce, Gordon filed several motions to modify the child custody provisions of the divorce decree because of his growing frustration in exercising his visitation rights. None of these motions was successful. Specifically, Gordon appealed to the district court from the denial of his July, 1984, request for modification and from the order granting Pamela's request for an increase in child support. When the district court, sitting in its appellate capacity, reversed the magistrate's decision and remanded for the trial court to take more evidence, Pamela filed this appeal.

Pamela claims that the district court reviewed more than the issues Gordon had raised in his appeal from the magistrate's decision. Pamela argues that the basis for the district court's reversal and remand, that is, the unrecorded *in camera* interview of the children and the scope of the evidence, should not have been considered by the district court *sua sponte.* It is Pamela's position that, because the district court ruled that the burden of proof issues raised by Gordon were correctly decided by the magistrate, the district court acted beyond its authority in reversing and remanding. We agree for the following reasons.

The scenario in this case is unusual in that the hearing on Gordon's motion for modification was conducted three years after the date of the motion. Originally set for a hearing on August 3, 1984, the motion for modification and the accompanying motion for contempt against Pamela were continued by stipulation of the parties, due to pregnancy complications which Pamela was having. On August 3, 1984, the children were with Gordon as part of his summer visitation, and the continuance was conditioned upon the children remaining in Gordon's custody pending any hearing on the show cause order.

When Pamela failed to advise Gordon of a date when she would be able to attend a hearing on the motions filed by Gordon, and when she informed Gordon that she intended to register the children in school in Utah, Gordon sought an *ex parte* order granting to him the temporary custody of the children. A "temporary" *ex parte* order was signed by the magistrate in order to keep the children in Idaho and to maintain the jurisdiction of the Idaho courts over the children. The September 6, 1984, "temporary" *ex parte* order was to remain in force until changed by a subsequent order. For reasons unknown, the order was not challenged by Pamela, and the children stayed with Gordon from that date in 1984 through the date of the hearing before the magistrate in August, 1987, during which time Pamela exercised liberal visitation with the children. Finally, a hearing was noticed in August, 1987, to dispose of Gordon's two motions, which were supported by his affidavit alleging that Pamela had engaged in a pattern of interfering with his visitation, contrary to court orders and agreements between the parties, and which continued through the date of the motion. In July, 1987, Pamela filed a petition to modify the temporary custody established by the *ex parte* order, requesting that the parties be granted joint custody of the children, with actual physical custody in her, as had been established in the original decree. She also filed a motion to increase child support. For economy's sake, all of the motions in the case were set for hearing on the same date. At the conclusion of the two-day hearing, the magistrate made findings that the burden of proof on Gordon's modification request remained on Gordon, and that he had not met his burden. The magistrate rejected Gordon's argument that the custody under the "temporary" *ex parte* order had shifted the burden to Pamela to prove a change in circumstances before physical custody of the children could be restored to her. The magistrate entered an order as follows: (1) granting to the parties joint custody, but denying Gordon's motion for modification of the physical custody of the children, (2) denying Gordon's motion to find Pamela in

contempt, (3) terminating the "temporary" *ex parte* order, and (4) granting Pamela's request for increased child support.

In its opinion on Gordon's appeal, the district court affirmed the increase of child support. The court also agreed with the magistrate's conclusions that the burden of proof on the request to modify physical custody was on Gordon and that he had failed to show a substantial change in circumstances up to the date of the motion which would justify that physical custody be awarded to him. Effectively, the district court affirmed the magistrate's decision, responding to each of the issues raised by Gordon's appeal. We, in turn, uphold these rulings of the district court.

However, the district court further ruled *sua sponte* that the magistrate's decision should be reversed because of error and remanded with instructions to the magistrate to correct these errors. The district court first advised that a record must be made of any *in camera* interview with the children, if that interview was to be part of the basis for the magistrate's decision. In addition, the district court concluded that the magistrate had improperly restricted the evidence that Gordon was allowed to present on the modification. Due to the district court's determination that the trial court should hear all of the evidence of the events and the circumstances from the date of Gordon's motion for modification, July 25, 1984, through the date of the hearing, August 19, 1987, the district court vacated the magistrate's decision and remanded for additional evidence to be taken.

Although the effect of the district court's opinion was not to change the physical custody of the children from Pamela to Gordon, Pamela appealed the decision of the district court. She seeks reversal of the district court's remand, which obviously would lead to further consideration of Gordon's modification request. Gordon did not cross appeal.

Our review of the magistrate's decision following an interim appeal to the district court is a matter of free review. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct. App.1988). We examine the record of the trial court independently of, but with due regard for, the district court sitting as an appellate court. *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990); *Harney v. Weatherby*, 116 Idaho 904, 781 P.2d 241 (Ct.App. 1989).

Pamela argues that the reversal by the district court was error in that there was sufficient evidence for the trial court to conclude that the custody of the children should continue as in the original decree. In a divorce action, the modification of an existing decree rests in the sound discretion of the trial court. *Chislett v. Cox*, 102 Idaho 295, 629 P.2d 691 (1981); *Larkin v. Larkin*, 85 Idaho 610, 382 P.2d 784 (1963). A decree awarding custody will be upheld in the absence of an abuse of discretion. An abuse occurs where evidence is insufficient to support a finding that the interests and the welfare of the child will be best served by changing custody of the child. *Larkin, supra.* An appellate court will not act to substitute its judgment and discretion for that of the trial court except where the record reflects a clear abuse of discretion. *Strain v. Strain*, 95 Idaho 904, 523 P.2d 36 (1974).

In determining whether custody should be modified, the relevant question is whether there has been a material, permanent and substantial change in the circumstances of the parties. *Biggers v. Biggers*, 103 Idaho 550, 650 P.2d 692 (1982); *Dawson v. Dawson*, 90 Idaho 234, 237, 409 P.2d 434, 435 (1965). Routinely, a court deciding a motion hears evidence which encompasses events and conditions from the date of the motion up to the date of hearing. We acknowledge that Gordon's motion for modification of custody, as framed in 1984, was not supplemented by new affidavits, and that Gordon's counsel presented no precise argument at the hearing to enlarge the scope of the motion. Nevertheless, there was evidence before the magistrate informing the court of the circumstances of the parties during the three-year interim between the motion and the hearing.

Gordon testified that the children remained in his custody even at the time of the hearing, commensurate with the "temporary" *ex parte* order of September 6, 1984. Pamela testified that she had exercised liberal summer and holiday visitation with the children during the three years since the *ex parte* order. There was also evidence of the children's activities during the custody of each parent for those three years in question.

The magistrate considered first that Gordon's motion for modification of the physical custody of the children, as well as the motion for contempt, were jointly based on allegations that Pamela and her new husband had repeatedly attempted to interfere with and frustrate Gordon's visitation with the children. Following the hearing, the magistrate determined that Pamela had consistently engaged in conduct designed to interfere with and frustrate Gordon's exercise of visitation, but that her actions had not significantly affected the children's love and affection for Gordon. The magistrate concluded, however, that such contumacious conduct had never been recognized in Idaho as exclusive grounds justifying a modification of a child custody order.

The magistrate also concluded that "the evidence was insufficient to convince the court that a return to [Pamela's] custody would be detrimental to the children." The court weighed Dr. Smith's testimony as to the detrimental impact on the children of the past actions and conduct of Pamela's new husband against the more current information provided to the court by the children themselves in the *in camera* interviews. Finally, the magistrate concluded that "taking into consideration the totality of evidence presented to the court, the court cannot say that it believes the evidence was of sufficient degree to justify a change in custody."

The "best interest of the children" standard, described in I.C. § 32–717B, is the controlling consideration in custody decisions and relates the change in conditions to the best interest of the children. *Bryant v. Bryant,* 92 Idaho 76, 78, 437 P.2d 29, 31 (1968). From our review of the magistrate's decision, we resolve that the magistrate took into account the conditions that existed in 1984, which led to the "temporary" *ex parte* order granting physical custody of the children to Gordon, and the conditions subsequent to that time and up to the 1987 hearing date. The magistrate properly placed the burden of proving changed circumstances on Gordon, and we cannot disagree with the magistrate's conclusion that Gordon did not produce sufficient evidence of a change of circumstances warranting a modification of custody. Therefore, we hold that the magistrate acted within his discretion, in denying Gordon's motion for modification.

As Pamela points out in her brief, no erroneous findings were presented to the district court for review, and none could now be presented on appeal to this Court. The issues relating to the *in camera* interviews of the judge with the children and the limited scope of evidence were not issues raised by Gordon in his appeal from the magistrate to the district court. Accordingly, she argues, the district court's reversal based on errors not properly before it on appeal cannot be sustained. We agree, and we reverse this part of the district court's appellate decision.

It is well settled that disputes on appeal are framed by the issues specified by the parties and that an appellate court will not search the record for errors not so designated. *State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983); *Jensen v. Doherty,* 101 Idaho 910, 623 P.2d 1287 (1981); *State v. Kelling,* 108 Idaho 716, 701 P.2d 664 (Ct.App.1985); *State v. Crawford,* 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983). This standard of appellate procedure also controls appeals from the magistrate division to the district court. I.R.C.P. 83(u)(1); *Hawkins v. Hawkins,* 99 Idaho 785, 589 P.2d 532 (1978).

Accordingly, we remand for reinstatement of the magistrate's decision which in pertinent part granted the parties joint custody of the children, but denied Gordon's request for modification of the physical custody, and increased the support due to

Pamela. No attorney fees are awarded on appeal. Costs to appellant Pamela Ruby.