**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52945**

| | |
|---|---|
| LINDSEY ANN BURNETT, | ) |
| | ) Filed: October 20, 2025 |
| Petitioner-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DALE PRICE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. James H. Barrett, Jr., Magistrate.

Judgment of modification in a child custody action, <u>affirmed</u>.

Parsons Behle & Latimer; John E. Cutler, Idaho Falls, for appellant. John E. Cutler argued.

Blake Law Office, PLLC; Lane A. Blake, Idaho Falls, for respondent. Lane A. Blake argued.

_____

LORELLO, Judge

Dale Price appeals from the magistrate court's entry of a judgment of modification in a child custody action. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2019, Lindsey Ann Burnett and Price divorced. Burnett and Price have four children--ages 15, 14, 12, and 9 years old. After the divorce decree was entered, Price relocated from Idaho to Utah, while Burnett and the four children remained in Rexburg, Idaho. Pursuant to the divorce decree's custody schedule, the children were to reside in Idaho with Burnett and visit Price in Utah alternating on weekends during the school year, on holidays, and for several weeks during the summer. In 2021, Price sought and was granted a writ of assistance to facilitate his

1

exercise of custody. Price then filed a motion for contempt to address alleged denials of visitation by Burnett, which resulted in a mediated settlement agreement filed in 2021.

In 2022, Price filed a petition seeking to modify the custody schedule. Price's petition asserted that multiple substantial and material changes occurred in the parties' circumstances since the divorce decree was entered in February 2019. Burnett denied Price's assertions. Both parties stipulated to a parenting time evaluation, which was completed and filed in 2024 by Drs. James and Nancy Davidson. The magistrate court subsequently held a trial on Price's petition.

After trial, the magistrate court denied Price's petition to modify, having determined he failed to prove a substantial and material change in circumstances. The magistrate court entered a judgment of modification pertaining to custody and child support. Price moved for permission to pursue an expedited appeal, which was granted. Price appeals.

## II.

## STANDARD OF REVIEW

In a permissive appeal under Idaho Appellate Rule 12.1, the Court reviews the magistrate court's decision without the benefit of a district court appellate decision. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). Decisions regarding child custody are committed to the sound discretion of the magistrate court, and the magistrate court's decision may be overturned on appeal only for an abuse of discretion. *Id.*; *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004); *Moye v. Moye*, 102 Idaho 170, 171, 627 P.2d 799, 800 (1981). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Where a trial court sits as a finder of fact without a jury the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Est. of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699

(Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997).

## III.

## ANALYSIS

Price asserts the magistrate court abused its discretion when it denied his petition to modify the divorce decree's custody schedule to grant him sole legal custody, with both parents sharing joint physical custody. Price's proposed modification would have the children residing in Utah with Price and visiting Burnett in Idaho on alternating weekends during the school year, on holidays, and for several weeks during the summer. Price argues the magistrate court committed reversible error when it failed to "enter a single finding of fact on the primary issue before it-- whether [Burnett] had engaged in alienating behavior and what impact that behavior had on the children" and failed to "identify and analyze" alienation "with due regard for Idaho law." Based on this claimed inadequate consideration of parental alienation, Price maintains the magistrate court erred in its conclusion that continuing the existing custody plan is in the best interests of the children. In response, Burnett asserts the record demonstrates that the magistrate court properly addressed the issues presented; the magistrate court did not abuse its discretion when it denied Price's petition to modify custody; and the magistrate court's findings are supported by substantial

evidence. Finally, Burnett requests costs and attorney fees on appeal. We hold that Price has failed to show the magistrate court erred in denying his petition to modify.[1]

## A. Petition to Modify Custody

An existing order or decree of child custody may be modified only upon a showing of a material, permanent, and substantial change in circumstances that warrants modification of custody for the best interests of the child. *Searle v. Searle*, 162 Idaho 839, 843, 405 P.3d 1180, 1184 (2017); *Doe v. Doe (2016-7)*, 161 Idaho 67, 71, 383 P.3d 1237, 1241 (2016); *Rogich v. Rogich*, 78 Idaho 156, 161, 299 P.2d 91, 94 (1956). A party who wishes to modify a previously existing custody order must first demonstrate that a material, substantial change in the parties' circumstances has occurred since the last custody order. *Searle*, 162 Idaho at 843, 405 P.3d at 1184. Once a material and substantial change has been established, the trial court will then determine custody and where the children will reside using the best interests of the child standard provided in I.C. § 32-717. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Lamont*, 158 Idaho at 359, 347 P.3d at 651. Thus, the party moving to modify custody has the burden not only of showing the material and substantial change but that, in light thereof, the best interests of the children require changing custody. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Chislett v. Cox*, 102 Idaho 295, 298, 629 P.2d 691, 694 (1981). Whether a change is "material" or "substantial" depends on the impact the change has on the child. *Doe (2016-7)*, 161 Idaho at 73, 383 P.3d at 1243. The changed-circumstances requirement reflects the policy favoring finality and discouraging relitigation of custody agreements. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Doe (2016-7)*, 161 Idaho at 73, 383 P.3d at 1243. That policy goal, however, is of secondary importance when compared to the best interests of the child, which is the controlling consideration in all custody proceedings. *Searle*, 162 Idaho at 843, 405 P.3d at 1184.

In the petition to modify judgment and decree of divorce, Price alleged eleven substantial and material changes in the parties' circumstances that had occurred since entry of the original divorce decree, including parental alienation by Burnett. On appeal, Price argues the magistrate

---

[1]     Based on our holding that Price has failed to show the magistrate court erred in denying his petition to modify, we need not address Price's request for "outright" reversal and a limited remand for "consideration of the details" of a custody arrangement "including appropriate terms for [Burnett's] visitation" or his request for remand to a different magistrate judge.

court erred with regard to only one of the substantial and material changes presented in his petition. Specifically, Price asserts the magistrate court erred when it failed to sufficiently recognize parental alienation as a factor in the custody analysis. We disagree.

The magistrate court considered each factor, including whether the relationship between Price and the children was negatively impacted by any gatekeeping or parental alienation by Burnett, and concluded it is in the best interests of the children to maintain the current custody plan. The magistrate court found, in relevant part:

> 12.  When the children are with [Price], Dr. Davidson observed that they interacted positively with [Price]. It does not square that if the children are systematically taught to fear or hate [Price] that they would have a good relationship when they spend time with him. Or that there is significant gatekeeping that is that [sic] served to align the children with [Burnett].
> 13.  The children . . . have lived with [Burnett] primarily for their entire lives. Since the Writ of Assistance, that was entered by the court in June of 2021, the children have had substantial visits and contact with [Price] and have a good relationship with him. Their relationship may have suffered because of the continuing litigation.
> 14.  Since the writ of assistance was granted, the denial of physical custody has stopped.
> 15.  The Writ of Assistance was granted on June 11th of 2021. We are almost at a four-year point where there has been compliance with the Writ of Assistance.
> 16.  Medical decisions and religious decisions are a source of contention and concern between the parents. Both parents think the other does excessive and unnecessary medical treatment.
> 17.  Both parents are grilling their children too much. Neither parent trusts the other and they both want the children to act the way they want. Both parents need to give the children more respect concerning boundaries and not concern themselves with what they say or do with the other parent. This seems to bring about a lot of stress on the children which seems to come out by the parents wanting to know all about what goes on with the other parent.
> . . . .
> 20.  There should be no speaker phone calls where either parent, listens in, to the children's phone call with the other parent. There should be no listening in, and each parent should give the child privacy to talk to the other parent without interference.
> . . . .
> 35.  Based upon Dr. Davidson's observations outlined in his charts on pages 90-91 of his Parenting Time Evaluation, the children, although unquestionably exposed to a contentious relationship between [Price] and [Burnett], are well bonded with both parents. Also, as to the children's

5

"Attachment and Bonding," "Emotional Needs," "Cognitive Needs," "Social Needs," and "Physical Needs" there was no significant concern.

The magistrate court's findings of fact include conclusions based upon the substantial amount of evidence presented before and during the hearing regarding claims of "gatekeeping" or "alienation." The magistrate court then analyzed the best interests of the children pursuant to each factor in I.C. § 32-717.

First, the magistrate court found that the wishes of the children's parents as to their custody was a neutral factor because each parent wants primary custody. Next, the magistrate court considered the wishes of the children as to their custodian, which weighed in Burnett's favor based on the children's expressed desire to remain living with Burnett. The magistrate court also considered the interactions and interrelationships of the children with their parents and siblings and concluded this factor weighed in favor of leaving the custody arrangement as originally ordered. The magistrate court debated the children's adjustment to their home, school, and community and found that Price failed to present any concrete plan for the children's schooling in Utah and that the children had resided in Idaho for the entirety of their lives; the magistrate court, therefore, found this factor weighed in favor of denying modification of the custody schedule. The magistrate court considered the character and circumstances of all individuals involved and concluded this factor was neutral because both parents are loved by the children and both parents have flaws that may negatively impact the children. The magistrate court found the need to promote continuity and stability in the lives of the children also weighed in favor of denying a change in the custody arrangement. The magistrate court determined domestic violence was not an issue and, thus, not a factor that needed to be considered. Finally, the magistrate court concluded by addressing additional complaints raised by the parties and explaining why they were or were not influential in the decision regarding custody. Having applied the law to the relevant facts, the magistrate court concluded that the totality of the factors, as well as the overall best interests of the children, weighed in favor of maintaining the existing custody schedule, with minor changes to assist in better communication between the parties and the children.

The magistrate court correctly perceived this issue as one of discretion and noted that, "so long as the court's decision is supported by substantial evidence and results from the proper consideration of the facts pursuant to all relevant factors including those set forth in the statute,

6

the trial court's discretion has been properly exercised." The magistrate court acted within the bounds of its discretion, having considered all evidence presented, including the parenting time evaluation and the best interests of the children. The magistrate court acted consistently with the legal standards applicable to the specific choices before it and properly placed the burden of proof on Price as the party moving to modify custody. The magistrate court also considered the factors set forth in I.C. § 32-717, as well as additional relevant evidence, in the findings of fact and conclusions of law and recognized that any modification must be based upon a showing of a substantial and material change in circumstance and that the modification is in the best interests of the children.

As Price notes, the list of factors provided in I.C. § 32-717 is not exclusive. The Idaho Supreme Court has previously recognized alienation as a material and substantial change in circumstances that may be considered in addition to the listed factors. *Adams v. Adams*, 93 Idaho 113, 116, 456 P.2d 757, 760 (1969). Alienation requires a loss of the love and affection which children naturally have for the other parent. *See Woods v. Woods*, 163 Idaho 904, 908, 422 P.3d 1110, 1114 (2018) (holding there was no error in the magistrate court's decision because the magistrate court made specific findings, supported by substantial and competent evidence, that neither parent's behavior rose to the level of a systematic effort to impair the love and affection the children had for the other parent). As is the case with all custody considerations, the final consideration is the effect on the children and their best interests. To the extent such behavior occurred in this case, the magistrate court considered alleged alienating acts from both parents and the effect those acts had on the children. Finally, the magistrate court reached its decision by an exercise of reason by properly evaluating the evidence presented to it.

The magistrate court, being in the best position to weigh the evidence before it, denied the petition to modify the custody schedule. The magistrate court had the discretion to consider the value and weight of the evidence presented by the parties, the best interests of the children, and the relevance of factors related to the proposed custody modification. Price has failed to show the magistrate court abused its discretion.

**B.    Costs and Attorney Fees on Appeal**

On appeal, Burnett requests an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the

prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). That standard has not been satisfied in this case. Accordingly, we decline to award attorney fees in this case, but we award costs to Burnett as the prevailing party on appeal.

## IV.

## CONCLUSION

The magistrate court's conclusion that Price failed to establish a substantial and material change in circumstances is supported by the evidence. Price has failed to show the magistrate court erred when it denied his petition to modify the custody schedule. Accordingly, the magistrate court's judgment of modification is affirmed. Costs, but not attorney fees, are awarded to Burnett on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.