**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 38321**

| | | |
|---|---|---|
| JECONIAH EVANS, | ) | |
| | ) | Boise, May 2011 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2011 Opinion No. 71 |
| v. | ) | |
| | ) | Filed: June 10, 2011 |
| JESSICA SAYLER, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Hon. Debra Heise, Magistrate Judge.

The decision of the magistrate court is affirmed.

Palmer George, PLLC, Coeur d'Alene, for appellant. John H. George Jr. argued.

Featherston Law Firm, Chtd., Sandpoint, for respondent. Jeremy P. Featherston argued.

_____

HORTON, Justice

Jeconiah Evans (Evans) and Jessica Sayler (Sayler) are the parents of two children. After their relationship dissolved in 2007, the parties agreed to a joint custody agreement, entered April 8, 2008. In late 2009, Sayler decided that she would go to college and stipulated to a modification of the custody agreement that gave Evans primary custody of the children. The magistrate court amended the custody order consistent with the stipulation. However, after moving to Washington, Sayler did not go back to school and petitioned the magistrate court for a change in the custody agreement. The magistrate judge found that Sayler's decision not to go to college at this time did not constitute a substantial, material, and permanent change that would permit the court to examine whether a change in custody was in the best interests of the children. Sayler now appeals. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Evans and Sayler are the parents of two children, aged four and five years-old. At the time of the children's birth Evans and Sayler were not married and, in late 2007, their

- 1 -

relationship dissolved. On April 8, 2008, the magistrate court entered its first custody order. This custody order granted the parties joint legal and physical custody with an alternating weekly parenting schedule. At this point, both parents were living in Sandpoint, Idaho.

In late 2009, Sayler decided to go to college. She testified that Evans approached her, suggesting that he have primary custody of the children while she was in college. Sayler agreed to the proposal. As a result, the parties stipulated that Evans would have primary physical custody during the school year and the court entered a modified custody order in January 2010. Sayler testified that she was unable to attend college but moved to Newman Lake, Washington, and started to work full time. On May 3, 2010, Sayler filed a pro se motion to modify the stipulated custody order and Evans answered with a general denial. In her motion, Sayler raised the issue of Evans being sentenced to a rider,[1] which Evans argued was known at the time of the parties' earlier stipulation.

At mediation, the parties agreed to a visitation schedule, with the exception that they could not agree on which parent would have primary custody. Evans sent Sayler a set of interrogatories, requests for production of documents, and requests for admissions. Sayler did not respond to these within thirty days. Evans filed a notice with the court that the matters as to which an admission was requested were deemed admitted, as provided by I.R.C.P. 36(a). At trial Sayler stated that Evans had told her "that as long as I got them – got him these by [the Friday before trial] that he would put them in." Counsel for Evans stated that this was only with regard to the interrogatories and requests for production and that Sayler was on notice that her failure to respond to the requests for admissions deemed her to have admitted those facts in question. Sayler did not otherwise move to withdraw the admissions according to I.R.C.P. 36(b).

The magistrate judge deemed those facts admitted: that Sayler decided not to go to school because of this case; that Sayler intends to enroll and/or attend school when the case is completed; and that Sayler moved out of state in reliance on the stipulation. The magistrate judge found that the fact that Sayler was working full-time instead of going to school did not constitute a substantial, material, and permanent change of circumstances and found that the court did not have jurisdiction to modify the custody order.

---

[1] The retained jurisdiction program enacted through I.C. § 19-2601(4) is commonly referred to as a rider. *See State v. Urrabazo*, 150 Idaho 158, __, 244 P.3d 1244, 1247-48 (2010).

The magistrate court entered its Order on October 5, 2010.  Sayler, now represented by counsel, filed a motion for a permissive appeal and expedited hearing under I.A.R. 12.1.  The magistrate judge granted leave to appeal on November 19, 2010 and this Court granted the appeal on January 3, 2011.  Sayler argues that the magistrate court erred in determining that her change in plans to go to college did not constitute a substantial, material, and permanent change in circumstances.

## II. STANDARD OF REVIEW

"A divorce decree granting custody of a minor child to one of the parties may not be modified unless there has been a material, permanent and substantial change in conditions and circumstances subsequent to entry of the original decree which would indicate to the court's satisfaction that modification would be for the best interests of the child."  *Tomlinson v. Tomlinson*, 93 Idaho 42, 47, 454 P.2d 756, 761 (1969).  The party petitioning for the modification bears the burden of proving that a substantial and permanent change has occurred. *Chislett v. Cox*, 102 Idaho 295, 298, 629 P.2d 691, 694 (1981).  "The decision whether to modify an order of child support because of a substantial and material change of circumstances is within the sound discretion of the trial court and will not be disturbed on appeal unless a manifest abuse of discretion is shown."  *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995).[2]

> [I]n reviewing the trial court's exercise of discretion, this Court must consider (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Chavez v. Barrus*, 146 Idaho 212, 225, 192 P.3d 1036, 1049 (2008) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## III. ANALYSIS

**A.    The magistrate judge's finding was consistent with the appropriate legal standards and was supported by substantial and competent evidence.**

---

[2]  The magistrate judge referred to this inquiry as a jurisdictional one.  Were that the case, the question of whether a substantial and material change of circumstances existed should be a question of law, subject to free review. *Hooper v. State*, 150 Idaho 497, ___, 248 P.3d 748, 750 (2011) ("Jurisdiction, whether over the person or the subject matter, is an issue of law subject to free review.").  However, this Court has long stated that "a district court has not only jurisdiction in divorce proceedings, but *continuing jurisdiction* over questions involving the custody of minor children."  *Dey v. Cunningham*, 93 Idaho 684, 686, 471 P.2d 71, 73 (1970) (emphasis added); *see also Stewart v. Stewart*, 32 Idaho 180, 185, 180 P. 165, 166 (1919).  As such, an abuse of discretion standard is appropriate.

As *Tomlinson* indicates, the question of whether a "material, permanent and substantial change in conditions" exists is a preliminary question to whether and what changes in the custody order would be in the best interests of the child. The requirement reflects "a policy against continuous relitigation and alteration of custody decisions." *Chislett*, 102 Idaho at 298, 629 P.2d at 694. In our decisions subsequent to *Tomlinson*, we have made it clear that whether a change in conditions is "material" or "substantial" depends upon the impact of the change upon the child. This Court addressed the subject at length in *Poesy v. Bunney*, 98 Idaho 258, 561 P.2d 400 (1977).

> While the material, permanent and substantial change standard is a sound legal principle, care must be exercised in its application. The tendency is to search for some greatly altered circumstance in an attempt to pinpoint the change called for by the rule. Thus, the emphasis is placed on defining some change, and making that change appear, in itself, to be material, permanent and substantial. This focus is misleading. The important portion of the standard is that which relates the change in conditions to the best interest of the child. The changed circumstance standard was designed, as a matter of policy, to prevent continuous re-litigation of custody matters. That policy goal, however, is of secondary importance when compared to the best interest of the child, which is the controlling consideration in all custody proceedings. The court must look not only for changes of condition or circumstance which are material, permanent and substantial, but also must thoroughly explore the ramifications, vis-a-vis the best interest of the child, of any change which is evident. What may appear by itself to be a small and insignificant change in circumstances may have significant effects insofar as children are concerned.
>
> Care must also be taken to avoid 'compartmentalizing' consideration of a child's best interest in successive attempts at custody modification. The best interest of a child, like its growth, is a matter of development. An emerging pattern which is not apparent in a first consideration may come into focus at some later time. The court should allow and consider all evidence relevant to a child's interest, not just that evidence which has emerged since previous orders.

*Id.* at 261-62, 561 P.2d at 403-04 (internal citations omitted). The Court has since relied on this statement from *Poesy* and has characterized it as a holding that "the best interests of the child must take precedence in any analysis regarding a material change in circumstances." *McGriff v. McGriff*, 140 Idaho 642, 647, 99 P.3d 111, 116 (2004); *see also Hawkins v. Hawkins*, 99 Idaho 785, 787, 589 P.2d 532, 534 (1978) ("A trial court is guided by the principle that the paramount consideration in any custody proceeding is the best interests and welfare of the children involved."). Likewise, "the trial court must not only look to the substantial and permanent nature of any change in conditions proved by the proponent, but also thoroughly explore the

ramifications of any such change vis-a-vis the children's welfare." *Chislett*, 102 Idaho at 298, 629 P.2d at 694.

The magistrate judge made two findings that bear on the question of whether an abuse of discretion occurred here. First, in addressing the question of the admissions that, according to I.R.C.P. 36(a) were conclusively admitted by Sayler's failure to respond, the court stated:

> [I]f you move and whether or not you continue to do the things that you might have said you were gonna do, I don't know that that constitutes a material change. I mean when you decided you were gonna go to college and then decided not to go to college, I'm not sure that enhances your desirability as a parent. I mean we like people to improve themselves and so if you say that you're gonna do something and go move and then don't do it, I don't know that that's necessarily to your advantage.

Later, the magistrate court concluded:

> And I think what I'm gonna find is that between January and May, Miss Sayler, you have failed to make a sufficient [sic] that there was a material change in circumstance. As you've indicated, the only change is that you're not going to school and you're workin' full-time but that, I don't think, is of sufficient significance that it would justify a change in the Order. I think the real thing that's happened here is that you regret signing that Order -- or agreeing to that Order that was entered back in January. But it was agreed to. And I typically don't -- when parents agree, I just don't interfere because I feel that if parents agree to something and it seems workable, I don't live with the kids every day.

Applying *Poesy* and its progeny to this case, we hold that the magistrate judge did not abuse her discretion.

First, we note that the magistrate court's finding, that the decision to work full-time rather than go to college does not rise to the level of a substantial, material, and permanent change in circumstances, is supported by the record before the court. The magistrate court's decision focused on the permanent nature of the change. Sayler may decide to go to college at any time – simply because she is not presently attending college does not mean that her long-term plans have been altered. Indeed, to the extent that Sayler's argument relies on this point, it conflicts with the admission that Sayler does intend to attend college once this case is settled. Sayler's testimony during the trial also suggests that she still plans to go to college at some point.

The magistrate court went on to address the other issues identified by *Poesy*. The court's statement that the decision not to go to college doesn't "enhance[ Sayler's] desirability as a parent" was a finding that the change did not advance the best interests of the children. In addition, the magistrate court was concerned with underlying policy behind the substantial,

material, and permanent change requirement: "to prevent continuous re-litigation of custody matters." *Poesy*, 98 Idaho at 261, 561 P.2d at 403. All of the testimony presented in this case tends to support the magistrate court's conclusion that Sayler was primarily motivated by "buyer's remorse" over her stipulation to the change in custody. The magistrate judge was not making a blanket statement that a parent who stipulates to a custody change cannot later demonstrate a change in circumstances. Rather, it was a finding that Sayler was motivated by her regrets, a finding supported by Sayler's own testimony.

It is evident that the decision by the magistrate judge was consistent with the standard laid out in *Poesy*, was supported by substantial and competent evidence, and was reached through an exercise of reason. We therefore conclude that the magistrate court did not abuse its discretion and affirm.

**B.     Evans is not entitled to attorney fees on appeal.**

Evans is not entitled to attorney fees for four different reasons. First, while Evans requests attorney fees as part of his "conclusion" section, he has not complied with the requirement in I.A.R. 35(b)(5) that "[i]f the respondent is claiming attorney fees on appeal the respondent must so indicate in the division of additional issues on appeal . . . ." Second, in accordance with I.A.R. 35(b)(5)'s requirement that the respondent "state the basis for the claim," he has not addressed his claim in the argument section of the brief. *See McVicker v. City of Lewiston*, 134 Idaho 34, 38, 995 P.2d 804, 808 (2000) ("The [appellants] requested attorney fees and costs on appeal in their statement of issues on appeal. The [appellants] did not, however, address the request in the argument section of their brief as required by I.A.R. 35(a)(6). The Court therefore declines to consider an award of fees."). Third, the requirement that the party seeking fees "state the basis for the claim" requires that the party support the claim with argument as well as authority. *See Crump v. Bromley*, 148 Idaho 172, 176, 219 P.3d 1188, 1192 (2009) (reaching the question of attorney fees because the party "address[ed] it in detail with supporting argument and authority"). Finally, Sayler had a good faith basis for arguing that the decision not to go to school, which prompted the January stipulation, is a "substantial and material change of circumstances." For these reasons, we deny Evans' request for an award of attorney fees on appeal.

## IV. CONCLUSION

We affirm the magistrate court's finding that Sayler has not shown a substantial, material change in circumstances. Evans is entitled to costs but no attorney fees on appeal.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.