# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45673-2018

| | | |
|---|---|---|
| **MARYA L. WOODS,** | ) | |
| | ) | **Boise, April 2018 Term** |
| **Petitioner-Appellant,** | ) | |
| | ) | **Filed: July 27, 2018** |
| **v.** | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| **KARL E. WOODS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate Judge.

The judgment of the magistrate court is <u>affirmed</u>.

Merritt Dublin Law Office, Boise, for Appellant. Merritt K. Dublin argued. Moore Elia Kraft & Hall, LLP, Boise, for Appellant.

Cosho Humphrey LLP, Boise, for Respondent. Mackenzie E. Whatcott argued.
_____

HORTON, Justice.

Marya Woods (Mother) appeals a decision of the Ada County magistrate court denying her petition for modification of the custody schedule for her two minor children: H.W. (Son) and T.W. (Daughter). Both Karl Woods (Father) and Mother sought to modify the schedule. The magistrate court denied both parents' petitions to modify based upon its finding that there existed no substantial, permanent, or material changes that warranted modification of the custody arrangement. On appeal, Mother argues that the magistrate court abused its discretion in finding no substantial or material change existed. Both parties request attorney fees on appeal under Idaho Code section 12-121. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were divorced in September 2011. The divorce decree provided for custody of the minor children on a rotating schedule in which the children spend seven days with Father and eight days with Mother. Mother brought this action to modify the custody

1

arrangement and child support. Father counterclaimed, also seeking to modify custody and child support.

After a three-day trial, on May 22, 2017, the magistrate court denied both parents' modification requests based upon its finding that there was no substantial, permanent, and material change that warranted a custody modification. The magistrate court examined the parties' claims that both Mother and Father had attempted to alienate the children from the other parent and found that neither parent had done so. The magistrate court also found that animosity between Mother and Father did not constitute a material and substantial change because: (1) the animosity had been ongoing and predated the divorce; (2) the animosity had not prevented Mother and Father from cooperating in a reasonable fashion as to the care and custody of the children; and (3) no change in the custodial schedule could resolve the children's loyalty conflict. Mother timely filed a permissive appeal pursuant to Idaho Appellate Rule 12.1.

## II. STANDARD OF REVIEW

Modification of child custody may be ordered only when there has been a material, substantial and permanent change of circumstances indicating to the magistrate's satisfaction that a modification would be in the best interests of the child. Idaho Code section 32-717 gives a judge wide discretion regarding custody decisions, subject to some restrictions, with the children's best interests being of paramount importance. The determination of whether to modify child custody is left to the sound discretion of the trial court, and this Court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion.

In reviewing an exercise of discretion, this Court must consider: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Doe v. Doe (2016-7)*, 161 Idaho 67, 71–72, 383 P.3d 1237, 1241–42 (2016) (internal quotations and citations omitted).

"An abuse of discretion is found when the magistrate court's 'findings are clearly erroneous such that the court's findings are not based on substantial and competent evidence.'" *Clair v. Clair*, 153 Idaho 278, 282, 281 P.3d 115, 119 (2012) (quoting *Schneider v. Schneider*, 151 Idaho 415, 420, 258 P.3d, 350, 355 (2011)). "Findings of fact that are supported by substantial and competent evidence are not clearly erroneous—even in the face of conflicting evidence in the record." *Hull v. Geisler*, 163 Idaho 247, ___, 409 P.3d 827, 830 (2018).

2

"Substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion." *Id.* (quoting *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 42–43, 981 P.2d 1146, 1152–53 (1999)).

## III. ANALYSIS

### A. The magistrate court's finding that no substantial, material, and permanent change in circumstances existed was supported by substantial and competent evidence.

"The question of whether a 'material, permanent and substantial change in conditions' exists is a preliminary question to what changes in the custody order would be in the best interests of the child." *Doe (2016-17)*, 161 Idaho at 72, 383 P.3d at 1242 (quoting *Evans v. Sayler*, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011)). We have previously explained this requirement as follows:

> While the material, permanent and substantial change standard is a sound legal principle, care must be exercised in its application. The tendency is to search for some greatly altered circumstance in an attempt to pinpoint the change called for by the rule. Thus, the emphasis is placed on defining some change, and making that change appear, in itself, to be material, permanent and substantial. This focus is misleading. The important portion of the standard is that which relates the change in conditions to the best interest of the child. The changed circumstance standard was designed, as a matter of policy, to prevent continuous re-litigation of custody matters. That policy goal, however, is of secondary importance when compared to the best interest of the child, which is the controlling consideration in all custody proceedings. The court must look not only for changes of condition or circumstance which are material, permanent and substantial, but also must thoroughly explore the ramifications, vis-à-vis the best interest of the child, of any change which is evident. What may appear by itself to be a small and insignificant change in circumstances may have significant effects insofar as children are concerned.
>
> Care must also be taken to avoid compartmentalizing consideration of a child's best interest in successive attempts at custody modification. The best interest of a child, like its growth, is a matter of development. An emerging pattern which is not apparent in a first consideration may come into focus at some later time. The court should allow and consider all evidence relevant to a child's interest, not just that evidence which has emerged since previous orders.

*Id.* at 72–73, 383 P.3d at 1242–43 (internal quotation omitted) (quoting *Poesy v. Bunney*, 98 Idaho 258, 261–62, 561 P.2d 400, 403–04 (1977)). Thus, the paramount consideration in determining the materiality of any particular change depends upon the effects of that change upon the children. *Id.* at 73, 383 P.3d at 1243.

3

Mother argues that the magistrate court abused its discretion in not finding a substantial, material, and permanent change existed based upon the evidence of Father's behavior she presented at trial. The magistrate court concluded that neither parent had "proven that there have been permanent and substantial change[s] in the circumstances as they averred, and this court cannot find any other evident change that represent[s] a material circumstance affecting [the children's] best interest." Before concluding that none of the changes were substantial and material, the magistrate court considered all of the alleged changes in circumstance advanced by the parties in addition to other circumstances suggested by the evidence which the court considered *sua sponte*.

### 1. Alienation

Mother and Father each claimed that the other parent had attempted to alienate the children. The magistrate court correctly recognized that this Court has previously recognized alienation as a material and substantial change in circumstances. *Adams v. Adams*, 93 Idaho 113, 116, 456 P.2d 757, 760 (1969). "[T]he acts and conduct of the custodial parent, resulting in the alienation of the love and affection which children naturally have for the other parent, is a vital and very serious detriment to the welfare of such children and is grounds for modification of the decree with respect to such custody." *McGriff v. McGriff*, 140 Idaho 642, 652, 99 P.3d 111, 121 (2004).

In *Doe (2016-7)*, we overturned a magistrate court's decision to modify a custody order after finding that the court abused its discretion in finding that the mother had alienated the children from their father. 161 Idaho at 78, 383 P.3d at 1248. This Court found that while the magistrate court had focused on several minor incidents, the record of those incidents did not support the finding that the mother had alienated the children from their father. *Id.* at 74–78, 383 P.3d at 1244–48. Instead, we explained that alienation requires "a pattern of conduct designed to drive a wedge between the children and the other spouse." *Id.* at 76, 383 P.3d at 1246. We observed that "whether there has been a material and substantial change in circumstances is dependent upon the impact of the changes upon the children." *Id.* at 78, 383 P.3d at 1248 (citing *Evans v. Sayler*, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011)).

Mother argues that the magistrate court abused its discretion in not finding that Father had engaged in alienating behaviors. As to Mother's alienation claim, the magistrate court noted: "The primary evidence that [Mother] relies upon to demonstrate alienation comes from the

4

children's counselor . . . ." However, the magistrate court explicitly stated that it "put[] less weight on" the counselor's testimony due to the court's concern regarding the counselor's over-participation in the litigation.[1] Although the record certainly contains conflicting evidence which suggests that alienating behaviors were present, the magistrate court's decision that neither parent had engaged in alienation is supported by substantial and competent evidence.

The magistrate court specifically found that neither parent's behavior rose to the level of "a systematic effort to shake the love and affection that [the children] have" for the other parent. After considering all of the evidence, the magistrate court found that the children had a positive loving relationship with each parent. As alienation requires a loss "of the love and affection which children naturally have for the other parent," the magistrate court's finding that neither parent had engaged in alienation was not in clear error. *See McGriff*, 140 Idaho at 652, 99 P.3d at 121.

### 2. Animosity between Mother and Father

Mother also argues that the magistrate court abused its discretion by failing to find a material and substantial change in circumstances due to the ongoing strain and tension on the children, especially Daughter, resulting from the animosity between Mother and Father. The magistrate court found that Father's and Mother's "animosity for each other is palpable and toxic. Both parents freely acknowledge that they do not like each other and it makes co-parenting difficult . . . . Without a doubt, [Mother's and Father's] animosity towards each other is adversely affecting the children."

This Court has previously affirmed a custody modification decision based upon animosity between parents that prevented reasonable communication necessary to co-parent. *McGriff*, 140 Idaho at 649–50, 99 P.3d at 118–19. As previously noted, the materiality of any particular change depends upon the effects of that particular change upon the children. *Doe v. Doe (2016-7)*, 161 Idaho 67, 73, 383 P.3d 1237, 1243 (2016). Therefore, the animosity between Father and Mother was an appropriate consideration for the magistrate court to determine if a

---

[1] The magistrate court noted that: "[Mother] acknowledged in her testimony that it was [the counselor] who encouraged [Mother] to seek a custodial modification in 2014. It is troubling to this court that a child's counselor would seek out one parent and encourage them to take court action. Instead of focusing on the children's emotional needs in a therapeutic setting [the counselor] aligned with [Mother] and encouraged litigation.
…
The court concludes that [the counselor] consciously or unconsciously urged [Daughter] to over-report her concerns about [Father]."

substantial and material change in circumstances warranted a modification to the custody arrangement.

However, the magistrate court found that there was no substantial and material change as a result of the animosity between Mother and Father because: (1) the animosity predated the original custody decree so it cannot be viewed as a change; (2) the animosity has not stopped Mother and Father from cooperating in a reasonable fashion as it relates to the care and custody of the children; and (3) no change in the custodial schedule could resolve the children's loyalty conflict. Our examination of the magistrate court's reasons for finding no material and substantial change leads us to conclude that the magistrate court did not abuse its discretion.

First, the magistrate court found that because the animosity had existed since the original custody decree in 2011, it could not be considered a *change* in circumstances. We have previously cautioned that a strict interpretation of the change requirement "is misleading. The important portion of the standard is that which relates the change in conditions to the best interest of the child." *Doe (2016-7)*, 161 Idaho at 73, 383 P.3d at 1243 (quoting *Poesy v. Bunney*, 98 Idaho 258, 261–62, 561 P.2d 400, 403–04 (1977)). In determining whether a change has occurred, "[t]he court should allow and consider all evidence relevant to a child's interest, **not just that evidence which has emerged since previous orders**." *Id.* (emphasis added). Thus, by concluding, in part, that the animosity between Mother and Father could not be viewed as a change solely because it existed at the time of the original custody decree, the magistrate court erred.

Second, the magistrate court found that the animosity between Mother and Father was not a substantial and material change because it did not prevent them from cooperating in a reasonable fashion regarding the care and custody of the children. In *McGriff*, we affirmed a custody modification based, in part, upon the magistrate court's finding that "[f]ather's refusal to be in the same room or communicate directly with children's [m]other and his refusal to discuss anything with her personally is clearly detrimental to the girls and makes joint custody completely unworkable." 140 Idaho at 650, 99 P.3d at 119. There, the father "had discontinued all direct communication" and "would only communicate with [the mother] via their attorneys or through a 'family message envelope' using the children as couriers." *Id.* at 649, 99 P.3d at 118. In contrast, here Father testified that he would rather not communicate face to face with Mother but that they communicate through text messages and emails. Emails exchanged between Father

and Mother had been "petty, demeaning, and antagonistic." During one exchange of the children, both Mother and Father testified that Father had spit or thrown chewing tobacco on Mother's car. Despite this past conflict, the magistrate court found that much of the potential for conflict had been resolved. Based upon its review of more recent emails and messages, the magistrate court specifically found that "[Father] and [Mother] are capable of sharing necessary information about the children and promptly and civilly making co-parenting decisions." Therefore—despite contrary evidence in the record—the magistrate court's finding that the animosity between Mother and Father was not a material change because it did not prevent them from reasonable communication concerning the children is supported by substantial and competent evidence.

Finally, the magistrate court found that no change in the custodial schedule would resolve the ongoing loyalty conflict for the children caused by the animosity between the parents. The magistrate court found that changing the custody schedule would not provide any relief for the children and would, in fact, "reignite passions for everyone involved to the detriment of the children." While there was expert testimony to the contrary, these findings regarding the parents' emotions and behavior are supported by common sense and the evidence in the record.

Although the magistrate court erred in holding that the preexisting animosity between the parties could not constitute a change in circumstances, because the magistrate court's other two findings related to the parties' mutual animosity are supported by substantial and competent evidence, this error is of no consequence.

**B. We decline to award either party attorney fees on appeal.**

Both parties request an award of attorney fees under Idaho Code section 12-121. Mother is not entitled to an award of attorney fees because she is not the prevailing party. Although she has not prevailed, we are unable to conclude that Mother has frivolously pursued this appeal. Therefore, we deny Father's request for an award of attorney fees.

## IV. CONCLUSION

The magistrate court's finding that there was no substantial and material change in circumstance was supported by substantial and competent evidence. Therefore, we affirm. Costs on appeal to Father.

Chief Justice BURDICK, Justices BRODY, BEVAN, and Justice Pro Tem TROUT **CONCUR.**

7