# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48997

KAITLIN DYANE SWANSON, )
)
    Petitioner-Appellant, )     Boise, November, 2021 Term
)
v. )     Opinion filed: February 3, 2022
)
MICHAEL RAY SWANSON, )     Melanie Gagnepain, Clerk
)
    Respondent. )

Appeal from the Magistrate Court of the Seventh Judicial District of the State of Idaho, Jefferson County. Faren Z. Eddins, Magistrate Judge.

The decision of the magistrate court is <u>affirmed</u>.

Smith Woolf Anderson & Wilkinson, PLLC, Idaho Falls, for Appellant.

Parsons Behle & Latimer, Idaho Falls, for Respondent.

_____

ZAHN, Justice.

This is a permissive appeal from a magistrate court's order denying a motion to accept jurisdiction and dismissing a petition for divorce for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). For the reasons discussed below, we affirm the magistrate court's order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The facts in this matter are largely uncontested. Mother and Father married on December 29, 2016. On May 2, 2020, Child was born as issue of the marriage in Utah County, Utah. Following Child's birth, Mother and Father lived in Utah with Child until July 21, 2020, when Mother and Child relocated to Rigby, Idaho, without Father.

Since July 21, 2020, neither Child nor Mother have returned to Utah, although Father continues to live there. Father maintains that Mother expressed an intent to return to living in Utah by September 2020 and actively participated in searching for apartments with Father in Utah after she and Child moved to Idaho. Mother disputes that she ever expressed an intention to return to Utah after July 21. She notes that since that date, Child has been treated at an Idaho pediatric center

1

six times, Mother changed her permanent address to one in Idaho, Mother obtained Idaho Medicaid benefits for her and Child, and Father indicated that he was seeking employment in Idaho.

On October 26, 2020, Father filed a petition for divorce from Mother in Utah County, Utah ("the Utah proceeding"). The same day, Father filed a motion for temporary orders seeking custody and visitation rights to Child. The Idaho magistrate court's decision in this case indicates that Mother filed an answer in the Utah proceeding on December 10.

Then, on February 5, 2021, Mother filed a petition for divorce from Father in Jefferson County, Idaho ("the Idaho proceeding"). After Father was served with Mother's petition on February 12, he retained Idaho counsel to specially appear and contest Idaho jurisdiction. Subsequently, Father filed a motion to dismiss Mother's petition for divorce for lack of jurisdiction under the UCCJEA, arguing that the Utah court had "home state" jurisdiction.

Mother objected to the motion to dismiss and filed a motion for the Idaho magistrate court to accept child custody jurisdiction. Represented by a Utah attorney, Mother also filed a motion in the Utah court to stay the Utah proceeding and transfer child custody jurisdiction to the Idaho magistrate court. In that motion, Mother conceded that Utah was Child's home state for UCCJEA purposes and that the Utah proceeding was properly commenced. However, she argued that Utah was no longer a convenient forum and requested that the Utah court transfer jurisdiction on that basis.

The Utah court held oral argument on Father's motion for temporary custody orders and Mother's motion to transfer jurisdiction and issued its written order on April 12. Pertinent to this matter, the Utah court concluded that Utah was not an inconvenient forum and that Mother had stipulated in her answer that jurisdiction was proper in Utah.

Then, on May 13, 2021, the Idaho magistrate court heard oral argument on Mother's motion to accept jurisdiction and Father's motion to dismiss. Following the hearing, the Idaho magistrate court informally conferred with the Utah court about which state was the "more proper" home state, and concluded that the Utah court was the more appropriate jurisdiction to be the home state under the UCCJEA. The magistrate court entered a judgment on May 28, dismissing the Idaho proceeding.

On July 9, 2021, Mother moved the Idaho magistrate court for permission to immediately appeal its order to this Court under Idaho Appellate Rule 12.1, which the magistrate court granted.

2

The magistrate court also indicated it would issue additional findings of fact and conclusions of law to assist this Court in addressing the issues raised on appeal.

The Idaho magistrate court issued a written decision on the motion to accept jurisdiction on August 4, 2021. The magistrate court noted that the UCCJEA provides guidance in instances where, as here, there are simultaneous custody proceedings. The magistrate court concluded that the UCCJEA mandates that the state in which the first petition was filed, if it has home state jurisdiction, is the proper jurisdiction unless the second state is a more convenient forum. The two judges conferred and concluded that Utah was the Child's home state at the time the Utah proceedings were initiated. The judges also concluded that Idaho was the Child's home state when the Idaho proceedings were initiated. Finally, the judges concluded that neither forum was more convenient than the other. Because the Utah proceedings were initiated first, and because Idaho was not a more convenient forum, the judges concluded Utah was the more appropriate forum for purposes of the UCCJEA. Therefore, the Idaho magistrate court denied Mother's motion to accept jurisdiction. Mother timely appealed.

## II.     ISSUES ON APPEAL

1.  Did the magistrate court appropriately dismiss Mother's petition for divorce for lack of jurisdiction under the UCCJEA?
2.  Is either party entitled to attorney fees?

## III.     STANDARD OF REVIEW

Questions of subject matter jurisdiction are questions of law over which this Court exercises free review. *T3 Enters., Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 738, 745, 435 P.3d 518, 525 (2019) (quoting *H.F.L.P., LLC v. City of Twin Falls*, 157 Idaho 672, 678, 339 P.3d 557, 563 (2014)). Similarly, this Court exercises free review over questions of statutory interpretation. *Guzman v. Piercy*, 155 Idaho 928, 934, 318 P.3d 918, 924 (2014) (citing *Intermountain Real Props., L.L.C. v. Draw, L.L.C.*, 155 Idaho 313, 317–18, 311 P.3d 734, 738–39 (2013)).

## IV.     ANALYSIS

**A. The Idaho magistrate court did not err in denying Mother's motion to accept jurisdiction and dismissing her petition for divorce.**

Mother argues that the Idaho magistrate court erred in concluding that Utah was Child's home state. She asserts that for a child younger than six months old, the home state is exclusively the state in which the child has lived continuously from birth until the commencement of the proceedings. Since she and Child left Utah in July, three months before the Utah proceedings

3

began, Utah could not have been Child's home state when Father filed for divorce there. She contends that because Child had lived in Idaho continuously for more than six months at the time she filed her petition, the magistrate court erred when it declined to exercise jurisdiction because Idaho was the child's only home state at that time.

In response, Father argues that the Idaho magistrate court reached the proper result for two reasons. First, he contends that the magistrate court correctly determined that Utah was Child's home state as of the date the Utah proceeding commenced because Child had lived in Utah from birth until July 21 and had not lived in Idaho for six months prior to his filing of a petition for divorce in Utah. Second, he argues that the UCCJEA allows home state jurisdiction when a state *had been* a child's home state in the preceding six months, the child is no longer in the state, and a parent continues to reside in the state. Thus, he contends, under the facts of this case Utah had jurisdiction on this alternate ground.

Resolution of this case hinges on our interpretation of the UCCJEA (Idaho Code sections 32-11-101 to -405).

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013)).

This matter squarely presents the type of jurisdictional conflict the UCCJEA is designed to resolve. As we recently explained, "the UCCJEA attempts to foster uniformity among state laws governing jurisdiction over child custody determinations. Broadly speaking, it provides clearer standards for which States can exercise original jurisdiction over a child custody determination." *Matter of Doe*, No. 48735, slip op. at 6 (Idaho Sept. 27, 2021) (internal citations and quotations omitted). One purpose of the UCCJEA is to "[a]void jurisdictional competition and conflict with the courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being." UCCJEA § 101, cmt. (1). Thus, we approach the jurisdictional dispute in this case mindful of our primary consideration in

any proceeding affecting children—the best interests of the child. *See, e.g.*, *Roberts v. Roberts*, 138 Idaho 401, 403–04, 64 P.3d 327, 329–30 (2003) ("[I]n any court decision affecting children, the best interests of the child should be the primary consideration.").

In a case such as this, the UCCJEA addresses which court may exercise jurisdiction when there are simultaneous proceedings in different states concerning custody of the same child. *See* I.C. § 32-11-206. An Idaho court "may not exercise its jurisdiction . . . if, at the time of the commencement of the [Idaho] proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with [the UCCJEA]." I.C. § 32-11-206(a). If the Idaho court determines that custody proceedings "[have] been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA], the [Idaho] court . . . shall stay its proceeding and communicate with the court of the other state." I.C. § 32-21-206(b). If, during this communication, the courts do not conclude that Idaho is the more appropriate forum, the Idaho court must dismiss the proceeding. *Id.*

To summarize, Idaho Code section 32-11-206 sets out a three-step framework for determining whether an Idaho court can exercise jurisdiction in a custody matter when there is a parallel custody proceeding in another state regarding the same child. First, the Idaho court must determine if the parallel proceeding predates the Idaho proceeding. Second, the Idaho court must determine if the state court handling the parallel proceeding has jurisdiction in substantial compliance with Idaho's enactment of the UCCJEA. Finally, if the parallel proceeding commenced first in another state, and that state has jurisdiction in substantial conformity with the UCCJEA, the Idaho court must initiate a communication with the other state court to discuss which forum is more appropriate. If Idaho is not the more appropriate forum, the Idaho court shall not exercise jurisdiction, even if Idaho would otherwise have jurisdiction under the UCCJEA.

Here, there is no dispute that the Utah proceeding, initiated on October 26, 2020, began before the Idaho proceeding, which was initiated on February 12, 2021. Likewise, neither party challenges the Idaho and Utah courts' conclusion, following their conference, that Idaho is not the more appropriate forum. Consequently, our review is limited to the second element of the framework—whether Utah has jurisdiction in substantial conformity with Idaho's enactment of the UCCJEA. For the reasons set out below, we conclude that Utah does have jurisdiction in substantial compliance with the UCCJEA, and accordingly affirm the Idaho magistrate court's order denying Mother's motion to accept jurisdiction and dismissing Mother's petition for divorce.

5

The UCCJEA identifies when a court has jurisdiction to make an initial child custody determination. *See* I.C. § 32-11-201. Courts of a child's home state are given priority to make an initial child custody determination:

> INITIAL CHILD CUSTODY JURISDICTION. (a) Except as otherwise provided in section 32-11-204, Idaho Code, a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from [the] state but a parent or person acting as a parent continues to live in [the] state;

I.C. § 32-11-201(a)(1); *see also* UCCJEA § 201, cmt. 1 ("The jurisdiction of the home State has been prioritized over other jurisdictional bases."). The UCCJEA defines a child's home state as:

> the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

I.C. § 32-11-102(g). Utah has also adopted the UCCJEA. UTAH CODE ANN. §§ 78b-13-101 to -318. The applicable provisions of Utah's enactment of the UCCJEA are substantially similar to the Idaho statutes at issue in this case. *See* UTAH CODE ANN. § 78b-13-102(7) (defining "home state" in the same manner as I.C. § 32-11-102(g)); UTAH CODE ANN. § 78b-13-201(1)(a) (setting forth the same jurisdictional tests for an initial child custody determination as I.C. § 32-11-201(1)(a)).

Mother reads the definition of home state in Idaho Code section 32-11-102(g) together with the language in section 32-11-201(a)(1) to mean that the only home state for a child younger than six months of age must be the state in which the child *continuously* lived from birth until the commencement of the proceedings. Under Mother's interpretation, if a child younger than six months of age moves with a parent to another state, the child does not have a home state until they live in the new state for six consecutive months. Mother thus argues that because Child did not reside in Utah at the time Father commenced the Utah proceeding, Utah could not be Child's home state. Mother further contends that Child did not have any home state until Child had lived in Idaho for six consecutive months.

Father, on the other hand, contends that under Idaho Code section 32-11-102(g), for a child younger than six months of age, the child's home state is the state in which the child was born and lived with one or both parents. In essence, Father argues that for a child younger than six months

6

of age, the child's birth state remains the child's home state unless and until the child lives in another state for six consecutive months. Father thus contends that Utah remained Child's home state until Child resided in Idaho for six consecutive months. Because Father commenced the Utah proceeding before that occurred, Utah was Child's home state at the time Father commenced the Utah proceeding.

Father makes an alternative argument that relies on the second basis for jurisdiction identified in Idaho Code section 32-11-201(a)(1), arguing that Utah was Child's home state in the six months prior to commencement of the Utah proceeding and Father had continued to live in Utah after Child left the state, so Utah was Child's home state when Father commenced the Utah proceeding. Mother, in reply, asserts that applying the second basis for home state jurisdiction to a child younger than six months old would be contrary to the intent of the UCCJEA and produce absurd results.

We agree with Father's alternative argument and conclude that the plain and unambiguous language of the UCCJEA grants home state jurisdiction over a child younger than six months old if that state was the child's home state within six months before the commencement of the proceeding and the child is absent from that state, but a parent continues to live there.

The parties agree that Child lived in Utah from birth until July 21, 2020. Indeed, Mother acknowledges that if Father had filed his divorce petition before July 21, 2020, "Utah would undoubtedly be [Child's] 'home state', because then [Child] would have lived in Utah from birth to the commencement of the Utah proceedings." As such, we conclude that Utah was child's home state between May 2, 2020, and July 21, 2020, because Child lived there from birth with both Mother and Father. Further, the parties agree that when Mother relocated to Idaho with Child on July 21, 2020, Father remained in Utah until he commenced the Utah proceeding.

Accordingly, the only question remaining is whether the second basis for home state jurisdiction in Idaho Code section 32-11-201(a)(1) is applicable to a child younger than six months old. As to that question, we conclude that the clear language of the statute allows either jurisdictional test set forth in Idaho Code section 32-11-201(a)(1) to apply to a child under six months old. That section grants home state jurisdiction when a state "was the home state of the child within six (6) months before the commencement of the proceeding." I.C. § 32-11-201(a)(1). Mother contends that the UCCJEA's definition of home state indicates a child only has a home

7

state if the child lived with a parent in the state for six continuous months immediately before commencement of the proceeding.

Contrary to Mother's interpretation, there is no language in Idaho Code section 32-11-201(a)(1) suggesting that this basis for jurisdiction only applies to children older than six months. Nor does the definition of home state in Idaho Code section 32-11-102(g) indicate that the home state of a child less than six months of age is the state where the child continuously lived from birth until six months of age. Rather, the definition of home state provides, "[i]n the case of a child less than six (6) months of age, the term means the state in which the child lived from birth with any of the persons mentioned." We decline to read into the statute additional conditions that are not included in the clear language used by the Legislature. We also decline to interpret our statutes in a way that leaves a child without a home state and deprives courts of home state jurisdiction to determine custody of the child for six months. Interpreting our statutes in such a way would not be in the best interests of a child. In addition, the interpretation we adopt today avoids the potential for forum shopping, in which one parent leaves the birth state with a child under six months old.

Mother argues that this interpretation of the statute would lead to absurd results. However, the hypothetical Mother raises in her brief—i.e., where a noncustodial parent residing in a child's birth state may hale into court an out-of-state custodial parent and child, notwithstanding their connections to a different state—are easily remedied by the UCCJEA's inconvenient forum provisions, not its jurisdictional ones. *See* I.C. § 32-11-207. Although a child's birth state may be her home state for jurisdictional purposes, the UCCJEA requires courts in parallel proceedings to confer to determine which state is the more convenient forum, regardless of where the home state is. I.C. § 32-11-206(b). In short, the hypotheticals Mother raises in her brief should and can be resolved by applying other provisions of the UCCJEA.

Therefore, we conclude that when Father commenced the Utah proceeding, Utah had home state jurisdiction in substantial compliance with the UCCJEA because it had been Child's home state in the six months before the proceeding commenced and, although Child was not present in the state, Father still lived there. Accordingly, we affirm the magistrate court's decision, reached after consultation with the Utah court concerning which state was the more appropriate forum, to decline to exercise jurisdiction and dismiss mother's petition for divorce.

**B. Neither party is entitled to attorney fees.**

Both Mother and Father request attorney fees on appeal pursuant to Idaho Code section 12-121. Section 12-121 permits an award of attorney fees to a prevailing party if a party "brought, pursued or defended [the case] frivolously, unreasonably or without foundation." I.C. § 12-121. As we affirm the magistrate court's order, we conclude that Mother is not the prevailing party. *See Woods v. Woods*, 163 Idaho 904, 910, 422 P.3d 1110, 1116 (2018). However, although Father has prevailed on appeal, we decline to award him attorney fees under section 12-121. We cannot say that Mother's appeal was frivolous, unreasonable, or without foundation because it presented a novel question of interpretation and application of the UCCJEA that has not been addressed by this Court before. *See McCann v. McCann*, 152 Idaho 809, 823, 275 P.3d 824, 838 (2012) (attorney fees under section 12-121 are not appropriate when a novel legal question is raised, including an issue of first impression).

## V.    CONCLUSION

For the forgoing reasons, we affirm the magistrate court's decision declining to exercise jurisdiction and dismissing Mother's petition for divorce. We decline to award either party attorney fees, but award costs on appeal to Father pursuant to I.A.R. 40.

Chief Justice BEVAN and Justices BRODY, STEGNER, and MOELLER **CONCUR**.

9