# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51599

| | |
|---|---|
| CASEY JONES, nka CASEY WHITE,<br><br>　　　Petitioner-Appellant,<br><br>v.<br><br>TIMOTHY JONES,<br><br>　　　Respondent. | )<br>)　**Filed:  July 9, 2024**<br>)<br>)　**Melanie Gagnepain, Clerk**<br>)<br>)<br>)　**THIS IS AN UNPUBLISHED**<br>)　**OPINION AND SHALL NOT**<br>)　**BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Scott H. Hansen, Magistrate.

Judgment modifying child custody, <u>affirmed</u>.

Rivera Law; Nathan D. Rivera, Blackfoot, for appellant.  Nathan D. Rivera argued.

Baker Harris; Jared M. Harris, Blackfoot, for respondent.  Jared M. Harris argued.

---

GRATTON, Chief Judge

Casey White appeals from the judgment of the magistrate court modifying child custody. We affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Casey White and Timothy Jones were married in March 2019.  They are parents of a two-year-old daughter (Child) and both reside in Blackfoot, Idaho.  White filed for divorce in July 2022, and both parties signed a stipulation for divorce and custody of Child.  Jones waived the time for answering the divorce complaint and reconciliation period, and further consented to the entry of the decree of divorce in accordance with the parties' settlement agreement.  The terms of the settlement agreement were merged into the judgment and decree of divorce.  An amended judgment and decree of divorce was filed on September 23, 2022.  On October 27, 2022, Jones filed a motion to reopen and a motion to set aside the amended judgment and decree of divorce.

1

The magistrate court denied Jones' motion to set aside but left pending the motion to reopen. On December 12, 2022, Jones filed an amended verified petition to modify the amended judgment and decree of divorce adding additional allegations of material, substantial, and permanent changes of circumstances. White filed a motion for summary judgment, which the magistrate court denied. The magistrate court then ordered the parties to participate in mediation.

In August 2023, after mediation failed, the parties proceeded to trial on Jones' petition to modify based on the change in circumstances since the divorce decree was entered. The magistrate court found that there was a material and substantial change because White had remarried a person who is stationed in Hawaii with the United States military, and White expressed to Jones that she was going to move with Child and reside with her husband in Hawaii. The magistrate court further found it is in the best interests of Child for Child to remain in Blackfoot and prohibited White from moving Child to Hawaii. The magistrate court denied Jones' request to modify custody to a 50/50 arrangement. White appeals.

## II.

## STANDARD OF REVIEW

In a permissive appeal under Idaho Appellate Rule 12.1, the Court reviews the magistrate court's decision without the benefit of a district court appellate decision. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). Decisions regarding child custody are committed to the sound discretion of the magistrate court, and the magistrate court's decision may be overturned on appeal only for an abuse of discretion. *Id.*; *see McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004); *Moye v. Moye*, 102 Idaho 170, 171, 627 P.2d 799, 800 (1981).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by a particular custody award or modification. *Gray v. Gray*, 171 Idaho 128, 136, 518 P.3d 1185, 1193 (2022). A trial court's findings of fact which are based upon substantial and competent, although

2

conflicting, evidence will not be disturbed on appeal, which is to say the findings of fact will not be set aside unless clearly erroneous. *Reed v. Reed*, 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002).

**III.**

**ANALYSIS**

White appeals from the magistrate court's judgment modifying child custody. Specifically, White argues there was not a material and substantial change in conditions and circumstances to modify the amended judgment. White contends that the magistrate court could not modify the terms of the settlement agreement because they are contractual. White argues the magistrate court did not have jurisdiction to modify the terms of the settlement agreement because the issue was not ripe in that White had not moved to Hawaii. White further asserts that a term in the settlement agreement contained in the amended judgment already establishes a revised custody arrangement when a parent moves farther than 120 miles, and thus, White moving to Hawaii with Child does not present a material and substantial change in circumstances to modify the custody arrangement. Jones argues that White's move to Hawaii would produce a permanent and substantial change in the conditions of their current custody arrangement.

**A.      Modification of Child Custody**

As an initial matter, the magistrate court had jurisdiction to modify the amended judgment, including the settlement terms merged therein. The Idaho Supreme Court has long stated that "a district court has not only jurisdiction in divorce proceedings, but *continuing jurisdiction* over questions involving the custody of minor children." *Dey v. Cunningham*, 93 Idaho 684, 686, 471 P.2d 71, 73 (1970) (emphasis added); *see also Stewart v. Stewart*, 32 Idaho 180, 185, 180 P. 165, 166 (1919). White cites to no controlling authority for the proposition that the magistrate court cannot alter the terms of its judgment which have been stipulated to by the parties. In *Evans v. Sayler*, 151 Idaho 223, 254 P.3d 1219 (2011), the Court noted that the magistrate court was not making a blanket statement that a parent who stipulates to a custody change cannot later demonstrate a change in circumstances. *Id*. at 227-28 254 P.3d at 1223-24. Further, the law in Idaho is well settled that divorce decrees and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final. *Pottenger v. Charlton*, 172 Idaho 154, 159-60, 530 P.3d 701, 706-07 (2023). Consequently, the magistrate court had the ability to modify the custody order upon a finding of material and substantial change in circumstances affecting the best interests of the child. *Id*. at 160, 530 P.3d at 707. *See also*

3

*Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000) (When determining whether to modify the original custody order, "the paramount concern is the best interest of the child.").

Turning to the question of ripeness, White fails to show that the magistrate court cannot find a material and substantial change in circumstances before a party actually moves out of state with a child subject to a custody order.[1] First, White claims that, "at the time of the hearing, [she] had not moved, nor did she have specific plans to do so," and "[a]s it stands, [she] never moved, and has no intention of moving." However, at trial, White was asked whether she was intending to move to Hawaii, to which she answered "Yes."

In *Osteraas v. Osteraas*, 124 Idaho 350, 859 P.2d 948 (1993), the mother had primary physical custody and indicated an intent to move out of state. The Court said:

> We disagree with the district court's conclusion that the father failed to make a sufficient showing of a substantial change of circumstances. The mother, the primary physical custodian of the children, intended to move to the state of Washington and to take the children with her. Such a move would obviously render it impossible for the father to continue seeing the children two weekends a month and every Wednesday night, per his decreed visitation rights, thus requiring the court to modify the divorce decree appropriately.

*Osteraas*, 124 Idaho at 353, 859 P.2d at 951. *See also Bartosz v. Jones*, 146 Idaho 449, 453, 197 P.3d 310, 314 (2008) (modification of decree where father learned mother who had primary physical custody intended to move to Hawaii). The magistrate court acted within its authority to modify the custody provisions in the circumstance where White indicated an intent to move to Hawaii.

White contends that the magistrate court erred in finding a material and substantial change of circumstances. The magistrate court found there was a material and substantial change in circumstances because a move to Hawaii would undoubtedly adversely affect the relationship between Jones and Child. White contends that because the settlement agreement, merged into the amended judgment, has a relocation provision, a move was within the contemplation of the parties, and the magistrate court erred by finding there was a material and substantial change in circumstances with her proposed relocation to Hawaii. In the current custody arrangement, White has primary physical custody of Child. Jones has custody of Child each week: week one from

---

[1] Although White argued this issue as a jurisdictional issue in her opening brief, at oral argument White conceded that this is not actually a jurisdictional question, rather the ripeness issue is subsumed in the magistrate court's authority to modify the custody agreement under the circumstances.

Wednesday at 6:30 pm to Friday at 6:30 pm and week two Friday at 6:30 pm to Sunday at 6:30 pm. The amended decree also provides for some holiday visitations. Under the settlement agreement terms, the parties have a relocation provision that applies if either Jones or White (or both) relocate such a distance that makes the above visitation unreasonable, which would be more than 120 miles. In that circumstance, Jones would have visitation the week of spring break, summer vacation, Thanksgiving break, and one week of Christmas break.

White argues that allowing the magistrate court to modify the settlement agreement terms is contrary to the policy of avoiding re-litigation in custody agreements. However, the Idaho Supreme Court has addressed this policy, explaining:

> While the material, permanent and substantial change standard is a sound legal principle, care must be exercised in its application. The tendency is to search for some greatly altered circumstance in an attempt to pinpoint the change called for by the rule. Thus, the emphasis is placed on defining some change, and making that change appear, in itself, to be material, permanent and substantial. This focus is misleading. The important portion of the standard is that which relates the change in conditions to the best interest of the child. The changed circumstance standard was designed, as a matter of policy, to prevent continuous re-litigation of custody matters. That policy goal, however, is of secondary importance when compared to the best interest of the child, which is the controlling consideration in all custody proceedings. The court must look not only for changes of condition or circumstance which are material, permanent and substantial, but also must thoroughly explore the ramifications, vis-à-vis the best interest of the child, of any change which is evident. What may appear by itself to be a small and insignificant change in circumstances may have significant effects insofar as children are concerned.

*Doe v. Doe*, 161 Idaho 67, 72-73, 383 P.3d 1237, 1242-43 (2016). Again, the fact that stipulated terms are merged into a court's custody decree does not preclude the court from determining whether there has been a material, permanent, and substantial change of circumstances. Importantly, parties cannot contract away the best interests analysis.[2] The paramount consideration in any dispute involving the custody and care of a minor child is the child's best interests. I.C. § 32-717. White's argument that contract law should be applied to the stipulated custody agreement is misplaced. For example, in Idaho, noncompliance with a custody order may

---

[2] *See A.C. v. C.B.*, 829 P.2d 660, 663-65 (N.M. Ct. App. 1992) (holding that visitation provisions of a settlement agreement would be enforceable so long as the provisions were in the child's best interests).

result in the magistrate court holding the noncomplying party in contempt.[3]  Consequently, the settlement agreement terms are merged into and become the order of the magistrate court, and enforceable as such, rather than through contract principles.

A divorce decree granting custody of a minor child to one of the parties may not be modified unless there has been a material, permanent, and substantial change in conditions and circumstances subsequent to entry of the original decree which would indicate to the court's satisfaction that modification would be in the best interests of the child. *Evans*, 151 Idaho at 225-26, 254 P.3d at 1221-22. The party petitioning for the modification bears the burden of proving that a material and substantial change in circumstances has occurred. *Id*. However, in *Roberts v. Roberts*, 138 Idaho 401, 405, 64 P.3d 327, 331 (2003), the Idaho Supreme Court held in a case where a mother wanted to move with the children, that "the moving parent has the burden of proving relocation would be in the best interests of the child before moving in violation of a previous custody arrangement." *Id*. Whether a change is "material" or "substantial" depends on the impact the change has on the child. *Doe*, *(2016-7)*, 161 Idaho at 73, 383 P.3d at 1243.

The magistrate court did not err in determining that a material, permanent, and substantial change in circumstances would occur incident to White's move to Hawaii. The magistrate court also did not err in finding that the move would not be in Child's best interests. The magistrate court found that the visitation schedule would be seriously affected, and that Jones and Child's relationship would be "seriously depreciated" if Child did not continue seeing Jones on a weekly basis. The magistrate court noted that video calls would not be of equal value with in-person visits.

The controlling statute governing the best interests of Child, I.C. § 32-717, provides a non-exhaustive list of factors for the trial court to consider in making this determination. *Silva v. Silva*, 142 Idaho 900, 904, 136 P.3d 371, 375 (Ct. App. 2006). Included in the list are: the wishes of the child's parents; the wishes of the child; the interaction and interrelationship of the child with the parents and siblings; the child's adjustment to his or her home, school, and community; the character and circumstances of all the individuals involved; the need to promote continuity and stability in the life of the child; and domestic violence, whether or not in the presence of the child. I.C. § 32-717(1)(a)-(g). Although the court shall consider all relevant factors, the trial court must

---

[3]     Disobedience of any lawful judgment, order, or process of the court, by act or omission, is contempt. I.C. § 7-601(5).

avoid considering irrelevant factors and avoid assigning too much weight to any particular factor. *Silva*, 142 Idaho at 904, 136 P.3d at 375. The magistrate court analyzed each of these factors.

The magistrate court found it is in the best interests of Child to remain in Blackfoot, Idaho. Based on its findings, the magistrate court modified the custody arrangement between White and Jones. The magistrate court found that Child was thriving in the current arrangement where both parents see Child each week. The magistrate court noted that, in *Roberts*, the Idaho Supreme Court stated that "Idaho favors the active participation of both parents in raising children after divorce, which policy is reflected in I.C. § 32-717B supporting joint custody." *Roberts*, 138 Idaho at 405, 64 P.3d at 331. The magistrate court found that Child is well adjusted with both parents' extended family living in Blackfoot whereas, in Hawaii, Child would have no additional family but White.

White points to *Evans*, where the magistrate court found that mother's argument was primarily motivated by "buyer's remorse" over her stipulation to a change in custody. Mother had agreed to father having primary custody while mother attended college in the state of Washington. However, mother did not attend college, but instead decided to live and work in Washington. *Evans*, 151 Idaho at 225, 254 P.3d at 1221. The magistrate court determined that working in Washington instead of going to school did not constitute a change in circumstances and the Supreme Court agreed. *Id*. Yet, the Supreme Court also emphasized that whether a material and substantial change in circumstances exists depends upon the impact of the change upon the child. *Id*. at 226, 254 P.3d at 1222. Here, the magistrate court found that White did not present evidence as to how the move to Hawaii would be in the best interests of Child. Although the burden is on the moving party seeking modification to show there is a material and substantial change in circumstances, the best interests of child analysis is paramount to a modification order. Jones provided evidence to the magistrate court that it would be in the best interests of Child to remain in Blackfoot, where Child is thriving in the current arrangement. On the other hand, White only provided evidence as to how the move to Hawaii would benefit White and her own medical needs. Moreover, on appeal, White does not argue that the move to Hawaii would be in Child's best interests.

White further contends that the magistrate court went too far when there was no basis or argument for the removal of the 120-mile provision in the agreement. However, the magistrate court did not expressly strike the 120-mile provision, rather the magistrate court stated that Child could not go to Hawaii, meaning Child would stay in Blackfoot if mother moved to Hawaii.

Although the parties have disputed exactly what was contemplated by the 120-mile provision and there is disagreement about whether there was a meeting of the minds of a move as far away as Hawaii, this issue is not before this Court.[4] Indeed, the magistrate court's judgment reads: "JUDGMENT IS ENTERED AS FOLLOWS: [Jones'] 'Amended Verified Petition to Modify Amended Decree of Divorce' is granted to the extent that [Child] shall not be moved to Hawaii."

For these reasons, we agree the move to Hawaii would create a material and substantial change in circumstances to warrant modification, even when the parties included a relocation provision in their settlement agreement. The best interests of the child analysis is paramount in the determination of a modification order and the magistrate court did not err in modifying the amended decree based on the best interests of Child and the evidence presented by the parties.

**B.     Attorney Fees**

On appeal, Jones requests an award of attorney fees and argues that White's appeal is frivolous and unreasonably brought because it is a request to second-guess the magistrate court's discretionary decisions regarding custody of Child. White responds that Jones' request for attorney fees on appeal should be denied because she has provided a cogent legal argument justifying a reversal of the magistrate court's decision.

An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990); *McPherson v. McPherson*, 112 Idaho 402, 407, 732 P.2d 371, 376 (Ct. App. 1987). White raises questions of law and the appeal cannot be said to be frivolous or without foundation. Accordingly, we decline to award attorney fees to Jones.

---

[4]     Jones filed a motion to strike in relation to the settlement agreement, arguing he did not enter the agreement knowingly, and that motion was denied by the magistrate court. Jones then filed his motion to modify.

## IV.

## CONCLUSION

White has failed to show that the magistrate court erred in modifying the custody provision in the amended decree. Additionally, substantial and competent evidence supports the magistrate court's findings and conclusions regarding the best interests of Child in relation to the custody modification. Accordingly, the judgment of the magistrate court modifying child custody in the amended decree is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.